UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RILLEMA, an individual,

            Petitioner,

v.

BEAUREGARD MAXIMILLIAN
HARVEY, and individual,

            Respondent.

Case No. 2:23-cv-12042-JJCG-APP
Hon. Jonathan J.C. Grey
Mag. Judge Anthony P. Patti

_____

**PETITIONER KURT RILLEMA'S RESPONSE TO
RESPONDENT'S PENDING MOTIONS AND APPLICATIONS FOR
RELIEF, ECF NOS. 37, 38, 39, 43, 53, and 54**

The Court should deny all of Respondent Beauregard Maximillian Harvey's pending motions and applications for relief, and enjoin him from making further filings without leave of the Court or the conclusion of the pending arbitration.

## I.    INTRODUCTION

This is an action to compel arbitration.  On September 11, 2023, the Court granted Petitioner Kurt Rillema's motion to compel arbitration, appointed an arbitrator, and stayed proceedings in this case until the arbitration is completed. ECF No. 21.  The Court explained that "[b]ased on the expansive language in the arbitration clause (i.e., '[a]ny dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof'), the Court

finds all matters alleged by Harvey or asserted by Rillema come within the scope of the Arbitration provision. Accordingly, the Court concludes that all such matters are subject to resolution by arbitration, not by a court of law." 9/11/23 Order, ECF 21, PageID.502. The Court administratively closed the case. *Id*. at PageID.504.

In the same Order, the Court denied as moot Harvey's omnibus motion seeking to strike the Complaint, dissolve the TRO, and hold a hearing, because the Court determined that the issues in this case shall be arbitrated. *Id*. at PageID.502-03. Nonetheless, Harvey has filed a Motion for Turnover of Funds Illegally Collected by Plunkett Cooney and for Protective Order, ECF 37, Motion to Reactivate Case for Failure to Arbitrate and Default Judgment, ECF 38, Emergency Motion for Temporary Restraining Order to Enjoin Petitioner and Arbitrator from Taking Any Further Action Until Further Order of the Court, ECF 39, Demand for Trial, ECF No. 42, Motion for Evidence Supporting Findings of Fact Pursuant to FRCP52(a)(5) for Order Compelling Arbitration, ECF 43, Motion to Disqualify Counsel, ECF No. 53, an Application to Close Arbitration, ECF 54, and three appeals, ECF Nos. 31, 44, and 46.

With respect to all of the above motions, Harvey filed an appeal before response briefs were due divesting this Court of jurisdiction. The Sixth Circuit recently ruled for a third time that Harvey's appeals be dismissed. ECF No. 51. Because there is no longer an appeal pending, and out of an abundance of caution,

Rillema files this response to Harvey's outstanding motions and applications. Because this case is closed and the matter has been sent to arbitration, the Court should deny all of Harvey's pending motions and applications for relief and enjoin him from making future filings without leave of the Court or until the arbitration concludes.

## II. BACKGROUND

Facts and procedural history pertinent to this dispute and the current motion are set forth in the Court's order as follows:

> Harvey and Rillema formed 522 Reynolds, LLC (the "Company") in February 2019. They executed an Operating Agreement governing the Company (the "Operating Agreement"). The Company owns a shopping center at 522-550 Reynolds Road, Toledo, Ohio. On May 30, 2023, Harvey sued Rillema in the Northern District of Ohio, alleging mismanagement of the Company by Rillema. (*Harvey v. Rillema*, N.D. Ohio, No. 3:23-cv-1079, ECF No. 1.) On July 28, 2023, United States District Judge James R. Knepp II, Northern District of Ohio, granted Rillema's motion to dismiss, without prejudice. (*Harvey*, N.D. Ohio, No. 3:23-cv-1079, ECF No. 15.) Judge Knepp determined that the following arbitration clause in the Operating Agreement required dismissal of the case before him:
>
> > 13. Arbitration
> > ***Any dispute, controversy or claim arising out of or in connection with this Agreement or any breach or alleged breach hereof shall***, upon the request of any party involved, ***be submitted to, and settled by, arbitration*** in the city in which the principal place of business of the Company is then located, pursuant to the commercial arbitration rules then in effect of the American Arbitration Association (or at any other time or place or under any other form of arbitration mutually acceptable to the parties involved). Any award rendered shall be final and conclusive upon the parties and a judgment thereon may be

3

entered in a court of competent jurisdiction.  The expenses of the arbitration shall be borne equally by the parties to the arbitration, provided that each party shall pay for and bear the cost of its own experts, including the attorney's fees of a party if the arbitrator expressly determines that the party against whom such award is entered has caused the dispute, controversy or claim to be submitted to arbitration as a dilatory tactic or in bad faith. (*Id.*)

Once the Northern District of Ohio case was dismissed, Rillema promptly filed a verified arbitration demand to have Kara Tertzag arbitrate the parties' disputes.  (ECF No. 2-5, PageID.257.)  Rillema also obtained an (undated) order from arbitrator Tertzag granting Rillema's motion for ex parte TRO. (ECF No. 2-6, PageID.265.) Harvey contested the arbitration, and Arbitrator Tertzag stayed that arbitration proceeding pending a determination whether arbitration is appropriate.

ECF No. 21, 9/11/23 Order, PageID.493-495 (emphasis added).

After noting that Harvey failed to respond to Rillema's motion to compel arbitration in this action, this Court cited with approval the Ohio court's reasoning. That court relied on the plain language of the arbitration clause and recognized that, in his complaint in the Ohio action, Harvey failed to allege fraud specific to the arbitration clause, and thus the provision was valid.  ECF No. 21, Order, PageID.497-498.

This Court next considered the plain language of the arbitration clause as it relates to the scope of the agreement to arbitrate and, again quoting the Ohio court, stated: "An arbitration clause containing the phrase '*any claim or controversy* arising out of or relating to this agreement' is considered the paradigm of *a broad*

*arbitration clause*.  Such a clause generally requires arbitration of all claims touching matters covered by the agreement." *Harvey*, N.D. of Ohio, No. 23-1709, ECF No. 15, PageID.308, quoting *Verizon Advanced Data, Inc. v. Frognet, Inc.*, 2006 WL 2373265, at *3 (S.D. Ohio) (emphasis added).

This Court further concluded that "[t]he claims Harvey alleged in the Northern District of Ohio case, and the issues that Rillema seeks to have arbitrated, relate to alleged mismanagement of the Company, its funds, and specific violations of the Operating Agreement by both Rillema and Harvey.  Those disputes clearly 'aris[e] out of or in connection with [the Operating] Agreement . . . .'"  ECF No. 21, 9/11/23 Order, PageID.499-500.

The Court next observed that "Harvey has not offered any reason that his claims or the matters raised by Rillema in this case are not encompassed by the language of the arbitration provision," and further, in his "omnibus motion," Harvey in fact moved for an order compelling Rillema to comply with the arbitration clause.  *Id.*, PageID.500, citing ECF No. 17, PageID.451.  The Court also rejected Harvey's contention that this Court lacks jurisdiction because the American Arbitration Association determines its own jurisdiction and that Rillema waived his right to arbitration because Rillema did not adhere to AAA rules, explaining:

> The Court finds that, when considering the totality of Harvey's arguments and filings, ***Harvey concurs that this matter should be***

5

*arbitrated*. Harvey mistakenly believes, however, that the parties have agreed to have an arbitrator decide the issue of arbitrability. Citing *Henry Schein v. Archer & White Sales, Inc*., — U.S. —, 139 S. Ct. 524, 529 (2019) ("parties *may agree* to have an arbitrator decide ... gateway questions of arbitrability"). The Arbitration provision of the Operating Agreement, however, does not provide for an arbitrator to determine arbitrability …. In addition, contrary to Harvey's interpretation, pursuant to the Arbitration provision, a party is not "required to file a demand only with AAA." ….

Based on the expansive language in the arbitration clause … the Court finds *all matters alleged by Harvey or asserted by Rillema come within the scope of the Arbitration provision*.

ECF 21, 9/11/23 Order, PageID.501-502 (emphasis added).

The Court, therefore, granted Rillema's motion to compel arbitration, appointed former Third Judicial Circuit Court Judge David Groner as arbitrator, denied Harvey's pending motions as moot, struck Harvey's motions for sanctions, stayed the case, and administratively closed the case. *Id*. at PageID.504.

## III.    ARGUMENT

Harvey's pending motions should be denied because this matter is closed pending the resolution of the pending arbitration. The arbitration has not concluded, largely because Harvey has refused to participate in the arbitration, and he refuses to comply with Judge Groner's orders. To the extent Harvey believes that he has a right to some form of relief, he can file his motions and applications with Judge Groner, who has the authority to grant relief in an active arbitration. Harvey's relentless filings in this case are both a waste of judicial resources and a

drain on Rillema's resources.

## IV.    CONCLUSION

For the above stated reasons, Petitioner, Kurt Rillema, respectfully requests the Court to deny Harvey's motions and enjoin him from filing any further filings in this case without leave of the Court or until the arbitration has concluded.

Respectfully submitted,

PLUNKETT COONEY

/s/Michael D. Weaver
MICHAEL D. WEAVER (P43985)
ERIK JOHNSON (P85017)
Attorney for Petitioner Kurt Rillema
38505 Woodward, Suite 100
Bloomfield Hills, MI 48034
(248) 901-4025
Dated: August 22, 2024          mweaver@plunkettcooney.com

### Proof of Service

The undersigned certifies that on August 22, 2024, a copy of the foregoing document was served upon the attorney(s) of record in this matter at their stated business address as disclosed by the records herein via:

☐ Hand delivery            ☐ Overnight mail
☒ U.S. Mail                ☐ Facsimile
☒ Email                    ☒ Electronic Filing System

I declare under the penalty of perjury that the foregoing statement is true to the best of my information, knowledge and belief.

*/s/ Suzanne Mooney*
_____
Suzanne Mooney