UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Kurt Rillema, an individual,

       Petitioner,

v.

Beau Harvey, an individual,

       Respondent

Case No. 2:23-cv-12042
JUDGE HON. Johnathan J.C. Grey

Motion to Disqualify Counsel

_____

Now comes Respondent, Beau Harvey, and hereby moves this Court for an Order to Disqualify individual counsel and Plunket Cooney or any other individual members from representing any person or entity in this matter.

Mike Weaver and Erik Johnson have filed documents with this Court that create a mandatory withdraw for a conflict. Weaver and Johnson have perjured themselves and their client. Johnson specifically stated that Plunket Cooney nor Mike Weaver represented Kurt Rillema in any other matters. That was a bald face lie made on the record on August 24, 2023.

As the Court was aware, Rillema was removed as a member for numerous criminal acts including but not limited to Raping a dancer at Hush Showgirls, paying for sexual acts, failing to follow required legal filings and taxes, and following the requirements of the Michigan LLC Act.

1

Rillema was provided all due process pursuant to the statutory requirements for the Michigan LLC Act, which as opposing counsel has pointed out to this Court, is controlling law. This Court however need not concern itself with member interests. Mr. Rillema was removed before this case was filed.

Rillema's claims to arbitration can't survive and have been waived. He is not a member and Counsel MUST withdraw.

Counsel has advanced claims on behalf of my company. At the time of filing, I was the ONLY member. Counsel can not say otherwise. The former operating agreement is very clear- "This agreement is not enforceable by any third party." The Michigan LLC Act likewise is very clear. It states upon winding down the former member shall cease being a member.

As the Court is well aware, the former property of the LLC is no longer part of 522 Reynolds, LLC. Rillema was removed and the property was appropriately sold. Yet, Plunket Cooney and Rillema are still attempting to represent 522 Reynolds, LLC.

Weaver and Johnson have filed in Oakland County Court and action on behalf of the Company. They have filed in Oakland County, Michigan. The Company, prior to this case being filed was located in Lenawee County, Michigan, not Oakland County. Either way, Weaver, Johnson, and Plunket Cooney do not have authority to represent 522 Reynolds, LLC or any other company that I own.

 Weaver and Johnson have no authority to represent my company.

Weaver and Johnson have failed to confirm even the most basic information required by the Michigan Code of Ethical Conduct and they had an absolute duty to do so. Weaver and Johnson have engaged in pattern of corrupt activity 18 USC §1962(c), racketeering and §1962 (d) conspiracy. Weaver and Johnson have been advised of their illegal conduct and representation.

Weaver and Johnson have claimed to have capital and business records of the Company and I demand them back. I will seek criminal charges against Weaver and Johnson for their admissions that they have my company filings. As I have stated in pleadings, as well as in person to this Court, Rillema was removed from the Company well before opposing counsel was involved with Rillema.

Filings with the State of Michigan Licensing and Regulatory Affairs list Harvey as the Statutory Agent and the Company business address at 6482 Sorby, Addison, MI which is in Lenawee County. The company was dissolved in October 19, 2023 after completing the wind down provisions in the Operating Agreement in accordance with the Michigan LLC Act. The Operating Agreement clearly allows for the removal and expulsion of a member- ECF 2-2.

> **450.4509 Withdrawal of member; distribution; expulsion.**
> Sec. 509.
>
>     (2) An operating agreement may provide for the expulsion of a member or for other events the occurrence of which will result in a person ceasing to be a member of the limited liability company

Counsel for Rillema will not be able to challenge this issue. Rillema was removed in April of 2023 and lacks capacity or legal standing to challenge this issue. He may have been able to arbitrate that issue, but he is precluded now from res judicata, laches, waiver, and mootness.

The Operating Agreement provides for the Expulsion and Rillema was properly noticed. That ship has

sailed now.

Since Rillema was not a member at the time of his filing, he lacks standing to raise the issue. As previously addressed, Tertzag, a former partner at Plunket Cooney, committed fraud and perjury in violation of the Uniform Michigan Arbitration Act which provides:

> 691.1689 Initiation of arbitration. Sec. 9.
>
> (1) A person initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate in the agreed manner between the parties or, in the absence of agreement, by certified or registered mail, return receipt requested and obtained, or by service as authorized for the commencement of a civil action. The notice must describe the nature of the controversy and the remedy sought. (2) Unless a person objects for lack or insufficiency of notice under section 15(3) not later than the beginning of the arbitration hearing, the person by appearing at the hearing waives any objection to lack of or insufficiency of notice

No Notice has been provided that is required by Section 9. This must occur prior to the application to compel.

The Court lacks the ability to appoint an Arbitrator because there has never been a Section 2, 3, or 4 Application for Arbitration. To be clear, Weaver and Johnson filed ONLY a Section 5 Application, which fails to give this Court Jurisdiction in any event.

Assuming the Court could address the issue of appointment of an arbitrator the Court is limited to the Agreement between the parties that states AAA appoints the arbitrator. It's clearly delegated when the Rules of AAA are incorporated, Exhibit 1.

This is 100% the law of the land at the Supreme Court, every single Appellate Circuit, the Sixth Circuit Court of Appeals, and even the Eastern District of Michigan. Any argument to the contrary is feckless and is an abuse of process.

4

The Arbitrator is required to be appointed as the parties agreed in their contract.

> 691.1691 Appointment of arbitrator; service as neutral arbitrator. Sec. 11.
>
> (1) If the parties to an agreement to arbitrate agree on a method for appointing an arbitrator, that method must be followed, unless the method fails.

But, we need not reach any conclusion about whether the Arbitrator was chosen in violation, or whether the Forum Selection Clause was again waived. That analysis is not necessary any longer because the Court did not have authority under any set rules to allow Johnson to violate the locale rules by combining motions and then failing to allow the Defendant any time to respond.

The violations of my Constitutional Rights and due process wreak with the stentch that can only be from that of a hijacked legal sham raping liberty with legal process amounting to a taking of my membership interest. This Court has deprived me of property and capital by handing it over to the predator rapist and his weak, rail minded wife, through the huckster sham pleading counsel who have manipulated the ECF System and showed no respect to his honor or this system.

Weaver and Johnson mockingly commit numerous criminal RICO acts knowing that this Court favors them and their antics. They have no fear of the Court because they know this Court won't do a single thing to them. It's clear that they run this Court any way they want. Bias and prejudice is just part of their game. This Court has allowed hundreds of thousands to be taken from the Defendant. This Court has been used to perpetuate the illegal gambling and extortion Enterprise in Fact being operated by Weaver and Johnson, Kristi Rillema, Holly Hirsh, Robert Dabish, Marvin Dabish, Nabil Shaheen, David Linn, Alan Stillman, Ara Darakjian and others.

This Defendant has been arrested, abused, extorted and all because this Court has been used by Weaver

and Johnson. Fortunately Congress and their wisdom created a remedy for these situations and the remedy is found in U.S.C.Title 28 §144.

Hopefully this Court won't require such an application to be filed with a detailed affidavit. This Defendant is hopeful that the sham pleading by Rillema and his Counsel can be corrected immediately now that the bias and prejudice has been brought to the attention of the Court.

The Court ruled on ECF Document #2 and ordered the parties to Arbitrate in violation of the Operating Agreement. The Operating Agreement very specifically states ECF 2-2 page 9 of the Agreement:

> **Withdrawal Events**
>
> In the event of the death, retirement, withdrawal, expulsion, or dissolution of a Member, or an event of bankruptcy or insolvency, as hereinafter defined, with respect to a Member, or the occurrence of any other event which terminates the continued membership of a Member in the Company pursuant to the Statutes (each of the foregoing being hereinafter referred to as a "Withdrawal Event"), the Company shall terminate sixty days after notice to the Members of such withdrawal Event unless the business of the Company is continued as hereinafter provided.

The controlling language simply put states: "the Company shall terminate sixty days after…." I was the only member after the expulsion of Rillema and the company terminated sixty days later. The End.

But if that wasn't enough, counsel for Rillema did not seek to Compel Arbitration in their motion. Instead, Weaver and Johnson filed for an application under §5 of the FAA. An application in §5 is to appoint an arbitrator. There is nothing in §5 that provides for an application to compel arbitration.

Even if there were a §4 Application, the Court is required to have a hearing on that issue alone. There has been no briefing or pretrial or the hearing as required pursuant to a plain reading of Section 4 of the Federal Arbitration Act.

Assuming that even if the Court did hold a hearing pursuant to application under §4, Rillema has another problem- No amount of Controversy based on his claim.

If Harvey never contributed any capital, then contract law only put the parties to their original positions. Which is to say that there is $0 dollars in controversy. That would have ended this issue with this case.

Rillema has no legal right or standing, and counsel has no authority to represent my entity. This Court has no jurisdiction and should dismiss sua sponte as is their mandate. A copy of the Oakland County Court docketing notice is attached as Exhibit 2. A copy of the authority closing my company is attached as Exhibit 3. There is simply no legal basis for Plunket Cooney to represent my company. As such, I demand this Court address this issue immediately. This is an attempt to deprive me of my property interest and opposing Counsel is using this Court as their enterprise in fact.

For the aforementioned reasons, Respondent moves this Court to disqualify counsel for Rillema immediately.

Respectfully submitted,

By: /s/ Beau Harvey
Beau Harvey, Pro Se
8130 Timothy Lane
Sylvania, OH 43560
Telephone: 419-705-0922
Email: NOTICE@HUSHMONEYRICO.com

7

8

CERTIFICATION

I, Beau Harvey, hereby certify that on August 27, 2024 a copy of this Motion was filed electronically. Notice will be sent to all parties who have appeared electronically or to their counsel.

Respectfully submitted,

/s/ Beau Harvey
Beau Harvey, Pro Se
Telephone: 419-705-0922
Email: NOTICE@HUSHMONEYRICO.com