**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

Kurt Rillema, an individual,

                                                      Case No. 2:23-cv-12042

      Petitioner,                              JUDGE HON. Johnathan J.C. Grey

v.

Beau Harvey, an individual,

      Respondent

---

Motion To Strike Petitioner's Response  ECF No. 55

---

Now comes the Respondent and moves this Court for an Order Striking Petitioner's untimely responses to Respondent's Motions and Applications specifically ECF numbers 37, 38, 39, 43, 53, and 54. None of the responses are within the F. Civ R. or local rules. Petitioner in violation of this Court's local rules requiring responses to be filed separately, and timely.

There is simply no justification to accept one response to six well drafted motions and applications. Further it defies both the Fed. R. Civ.P, as well as the local rules as required by the text in local rule 7.1 and 5.1.

This attempt to circumvent the rules for responses that are over 45 days past deadline is

a clear attempt to get away with violating the rules and thus should be considered an abuse of process.

To be clear, opposing counsel had no problem misrepresenting material facts to this Court to gain an advantage in litigation. Here are a some of the more egregious acts:

- In his initial appearance to the suit originally filed on Northern District of Ohio, Rillema admitted to the membership interest and that Harvey was on the Bank Account;
- Rillema next stated that he has not spent one cent of the money that was due for distribution to Harvey from 2019-2023;
- Weaver and Johnson stated that it would be more efficient to dismiss the case under 12(b)(6) so that the parties could file arbitration with AAA. Further stating that transferring the case would only delay the matter.
    - Not to be outdone, Weaver and Johnson then violated the Michigan Uniform Arbitration Act that required that the parties arbitrate in the chosen forum and pursuant to the rules of AAA that requires a filing with AAA.
    - Further, Weaver, Johnson, and Kara Turdzag knew full well that the State of Michigan procedural rules applied.
    - By willfully abusing the MUAA and the Arbitrator failing to follow the statutory requirements, all three counsel violated the rules of ethics and have

2

       materially misrepresented this matter to this Court under false pretenses,

- The MUAA requires that notice of Arbitration be provided pursuant to the parties arbitration agreement. Counsel and the Arbitrator knew this and willfully violated the Michigan Uniform Arbitration Act.

- The Arbitrator is a former partner at Plunket Cooney. She was not acting in an official capacity and therefore has no immunity.

- There was no arbitration notice as required and thus there simply can't be anything to compel.

- In spite of the clear abuse of process and outlandish lies and misrepresentations, this Court was duped when Weaver and Johnson filed a Verified Complaint to Compel Arbitration ECF 2-5 page 257-263

- This filing suborned perjury and was plain perjury by Mike Weaver who verified the Complaint. To be clear, Weaver states in his application that Harvey is not a member and has a requirement to contribute capital and he cites the Arbitration Agreement ECF 2-2 at paragraph 5 and then claims this is what paragraph 5 states:

> 6. Harvey was to be a 30% member of the LLC. However, pursuant to §5 of the agreement, as a condition precedent of receiving the 30% interest, the "... Member shall contribute the amount necessary as a percentage of the final purchase price and cost for the purchase of the real property at 522 Reynolds Road, Toledo, OH 43614. Failure to contribute in the below defined percentage will trigger a three-allocation of member interests equally to the actual amounts paid on or about the closing date to purchase the real property."

Nothing could be further from the truth. Perjury does require Respondent to prove that one statement is in fact true, but rather that since Weaver provided a Verified Complaint, and then his client provides a SWORN STATEMENT, Respondent need only show the two items proffered are contradictions. This is a colossal issue for RILLEMA. His own council has just created a monumental Constitutional dilemma that a jury will get to take into consideration. Perhaps Greed should have given way to the truth.

4

Either way, the actual paragraph 5 in the Operating Agreement states as follows:

> **5. Member Capital Contributions**
>
> 1 | P a g e
>
> Case 2:23-cv-12042-JJCG-APP   ECF No. 2-2, PageID.143   Filed 08/11/23   Page 3 of 22
>
> Each Member has contributed the amount necessary for the purchase of real property at 550 Reynolds Road, Toledo, OH 43614, the sufficiency of which is hereby acknowledged by the signing of this operating agreement. Members are not obligated to make any additional capital contributions:
>
> **Kurt Rillema**                                                      70%
>
> **Beau Harvey**                                                    30%
>
> Members shall have no right to demand and receive any distribution from the Company in any form other than cash and members shall not be entitled to interest on their capital contributions to the Company.
>
> The liability of any Member for the losses, debts, liabilities and obligations of the Company shall be limited to the amount of the capital contribution of each Member plus any distributions paid to such Member, such Member's share of any undistributed assets of the Company; and (only to the extent as might be required by applicable law) any amounts previously distributed to such Member by the Company.

As a plain textual reading of the Member Capital Contributions states, as a condition precedent, once signed, no further contributions are required. Yet, somehow, Weaver and Johnson along with admissions of Rillema have all but sealed the fate for Rillema. All from GREED. Weaver and Johnson should be forever barred.

In addition, there was never an application to compel pursuant to FAA §4. Therefore, there could not have been a requirement to arbitrate.

Simply put, there was no Application to Compel Arbitration pursuant to Section 2,3, or 4. Instead, either by ignorance or willfully taking advantage of this Court, Weaver and Johnson filed an Application to Appoint an Arbitrator. This too violates the agreement between the parties and this Court simply lacked the authority to alter the operating agreement or state law.

Counsel for Rillema failed to respond pursuant to the local rules timely and failed to follow the local rules relating to format or numerosity.

**LR 7.1**

**(A) Responses to all motions, except those listed in subparagraph 2(A) below, must be filed within 14 days after service of the motion.**

6

Counsel simply has failed to address any of the substance of the motions. Respondent is simply following the rules this Court has provided. Further, this Court is bound by the principal of Stare Decisis.

Stare Decisis is . . . a 'principle of policy.' When considering whether to reexamine a prior erroneous holding, we must balance the importance of having constitutional questions *decided* against the importance of having them *decided right*. (citing [Helvering v. Hallock, 309 U.S. 106, 119 (1940)](#))

This Court is bound procedurally to determine whether there is waiver to arbitrate and if they find waiver from relinquishing a known contractual right and proceeding in a position not consistent with that right, then the party has waived their right to arbitrate.

That will be detrimental to Rillema's case because this Court has already made findings that:

1) It did not have jurisdiction over the Company;

2) This Court does not have jurisdiction over the Property owned and operated by Harvey;

3) That 522 Reynolds, LLC is NOT a party to arbitration;

4) That this Court did not continue a temporary injunction past September 11, 2023.

This Court should recognize the significance of the illegally obtained and fraudulent misrepresentations that influenced this Court exercising jurisdiction over Harvey and his property. Doesn't that exercise

of jurisdiction that place Harvey in jail result in this Court not having diversity? Doesn't that mean this matter should have been dismissed at the inception? If the Court disagrees with this analysis under what authority can the Court exercise control over Harvey and his property without violating his civil rights?

Wherefore, the Respondent prays as follows:

This Court owes a duty to correct the financial takings that it Ordered upon Harvey and therefore Harvey respectfully demands an immediate turnover of all funds collected through the Petitioner's ill-gotten sham;

An ORDER in support of Harvey and his business interest to provide that this Court has no legal jurisdiction over 550 S. Reynolds Road, Toledo, Ohio;

An Order Striking Petitioner's Response known as ECF #55;

An Order for any just and further relief that this Court deems just and proper including but not limited to a referral to the Chief Justice for sanctions, a referral to the State Bar Association for the clear ethics violations; and a referral to the United States Department of Justice for further investigation relating to the outrageous conduct of counsel, their sham pleadings, and their fraudulent and outright lies to this Court;

For investigation into the damaged caused by an officer of the Court manipulating the Electronic Filing System that caused Civil Rights of this Respondent to be damaged. To be clear, the manipulation caused incorrect legal notices and affected rulings from this Court. Specifically, Weaver and Johnson caused Respondent to receive incorrect legal notices with incorrect response requirements as seen here relating to the Motion To Compel #2

8

> Case 2:23-cv-12042-JJCG-APP   ECF No. 17, PageID.458   Filed 09/07/23   Page 9 of 20
>
> 37. On August 15, 2023, the Court issued a Notice of Motion Hearing-Motion to Compel- #2.[19]
>
> This Notice of Motion hearing provided as follows:
>
> **NOTICE OF MOTION HEARING**
> You are hereby notified to appear before District Judge Jonathan J.C. Grey at the United States District Court, Theodore Levin U.S. Courthouse, 231 W. Lafayette Boulevard, Detroit, Michigan. Please report to Room 624. The following motion(s) are scheduled for hearing:
>
> **Motion to Compel – #2**
> - RESPONSE DUE: August 21, 2023
> - MOTION HEARING: August 23, 2023 at 11:30 AM
>
> **Certificate of Service**
> I hereby certify that this Notice was electronically filed, and the parties and/or counsel of record were served.
>
> By: s/Sandra A Osorio
> Case Manager
> Dated: August 15, 2023

This Court would later rule that Respondent did not file a response to the Notice. However, there was a response and Weaver and Johnson manipulated the ECF System to pull off a fraud on the Court and the Respondent.

For the aforementioned reasons, Respondent moves this Court to disqualify counsel for Rillema, and for the aforementioned relief requested.

Respectfully submitted,

By: /s/ Beau Harvey
Beau Harvey, Pro Se
8130 Timothy Lane
Sylvania, OH 43560
Telephone: 419-705-0922
Email: NOTICE@HUSHMONEYRICO.com

9

## CERTIFICATION

I, Beau Harvey, hereby certify that on August 27, 2024 a copy of this Motion was filed electronically. Notice will be sent to all parties who have appeared electronically or to their counsel.

Respectfully submitted,

/s/ Beau Harvey
Beau Harvey, Pro Se
Telephone: 419-705-0922
Email: NOTICE@HUSHMONEYRICO.com