EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RILLEMA, an individual,

      Petitioner,

v.

BEAUREGARD MAXIMILLIAN
HARVEY, and individual

      Respondent.

_____/

Case No.: 2:23-cv-12042-JJCG-APP

Hon. Jonathan J.C. Gray
Mag. Judge Anthony P. Patti

## KURT RILLEMA'S MOTION TO CONFIRM ARBITRATION AWARD

NOW COMES PLAINTIFF BY AND THROUGH HIS COUNSEL AND REQUEST THAT THIS HONORABLE COURT confirm the Arbitration Award (Exhibit 1) pursuant to Fed R Civ. P and 9 USC 10.

1. This Honorable Court appointed Judge David Groner (ret.) as an arbitrator for the dispute in question.

2. Since that time (and before the entry of that Order), Mr. Harvey has engaged in activities contrary to this Court's ruling. Specifically, he has damaged property, improperly contacted tenants, improperly collected rent and attempted to sell the property.

60988699.1

3. The matter proceeded to Arbitration before Judge Groner on July 9, 2025.

4. Judge Groner entered an Arbitration Award (Exhibit 1).

5. This is a final award and is subject to confirmation.

6. Congress enacted the Federal Arbitration Act (FAA) to replace judicial indisposition to arbitration with a national policy favoring, and to place arbitration agreements on equal footing with all other contracts nine USCA 1 et seq. see also *Hall Street Associates, LLC v. Mattel, Inc*, 552 US 576( 2008).

7. There is no basis to vacate the Order entered by Judge Groner. 9 USCA 10, 11.

8. The court must confirm an award unless it is vacated, modified or corrected as prescribed in 9 USCA 10 or 11. *Hall, supra*. At 582.

9. It is well established that courts should play only a limited role in reviewing the decisions of arbitrators. *Shelby County Health Care Corp. v. A.F.S.C.M.E., Local 1733, 967 F.2d 1091, 1094 (6th Cir.1992)*.

10. The Federal Arbitration Act presumes that arbitration awards will be confirmed. See 9 U.S.C. § 9 (1994); *Andersons, Inc. v. Horton Farms, Inc., 166 F.3d 308, 328 (6th Cir.1998)*.

11. A court may vacate an arbitration award in the following situations: (1) where the award was procured by fraud, (2) where

the arbitrations were evidently partial or corrupt, (3) where the arbitrations misbehaved so that a party's rights were prejudiced, or (4) where the arbitrations exceeded their powers or executed them so that a final, definite award was not made. *See* 9 U.S.C. § 10(a) (1994). In addition, a reviewing court may vacate an award where the arbitrations have manifestly disregarded the law. *See Glennon v. Dean Witter Reynolds, Inc.,* 83 F.3d 132, 136 (6th Cir.1996).

12. None of the basis for vacating or modifying the Arbitration Award exist here.

WHEREFORE DEFENDANTS request that this honorable Court enter an Order confirming the Arbitration Award.

Respectfully submitted,

**PLUNKETT COONEY**

BY:   /s/Michael D. Weaver
MICHAEL D. WEAVER  P43985
Attorney for Petitioner
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI  48304
Tele:  (248) 901-4025
Dated:  July 16, 2025                              mweaver@plunkettcooney.com

**CERTIFICATE OF SERVICE**

   I do hereby certify that on the 16th day of July 2025, I filed the foregoing Motion to Certify Arbitration Award via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, which will provide notice of this electronic filing to all counsel of record and via U.S. Mail, Postage Prepaid to the following:

Beauregard Maximillian Harvey
8130 Timothy Lane
Sylvania, OH 43560

            /s/Michael D. Weaver
            MICHAEL D. WEAVER P43985
            Plunkett Cooney
            Attorney for Petitioner
            38505 Woodward, Suite 100
            Bloomfield Hills, MI 48034
            (248) 901-4025
            mweaver@plunkettcooney.com