EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RILLEMA, an individual,

    Plaintiff,

v().                                                        Case No.:  2:23-cv-12042-JJCG-APP

BEAUREGARD MAXIMILLIAN                 Hon. Jonathan J.C. Gray
HARVEY, and individual                          Mag. Judge Anthony P. Patti

    Defendant.

_____/

## RESPONSE TO "APPLICATION TO CONTINUE STAY"

NOW COME PLAINTIFFS by and through counsel, in response to the "Application to Continue State of Proceedings pursuant to FAA section 3, state as follows:

**QUESTIONS PRESENTED:**

1. Should Defendant's Application be granted?

   Plaintiff's answer "no."

2. Is Defendant's Application procedurally correct?

   Plaintiff's answer "no."

3. Is Defendant's Application moved?

   Plaintiff's answer "no."

**CONCISE STATEMENT IN OPPOSITION TO APPLICATION:**

61051074.1

Defendant's application is based upon a false assertion that an arbitration is pending with AAA. The arbitration has been dismissed. (See Exhibit 8 – AAA Dismissal)

The "application" is misplaced and ignores substantial procedural history. Indeed, this Court entered an Order Granting Motion to compel Arbitration, Appointing Arbitrator, Denying as Moot the Omnibus Motion Striking the Motion for Sanctions, Staying the Judicial Proceedings, and Administratively Closing the Case (see Exhibit 1 ECF number 21)

As directed by the Court, this matter proceeded to Arbitration. The arbitrator, Judge David Groner (Ret.) Issued an arbitration award on July 14, 2025. The Motion to Confirm the Arbitration Award was filed on July 16, 2025. (See Exhibit 2 – ECF number 64)

Defendant's request to stay the proceedings is moot. The proceedings have already been stayed pending the Arbitration. Now that the Arbitration has been completed, the only procedural step remaining is to enter and Order confirming the Arbitration Award.

**DEFENDANT'S MOTION LACKS ANY BINDING AUTHORITY:**

The Application states, "since this case was filed, there has been an intervening controlling decision from the United States Supreme Court that provides Harvey the right for the state upon application for the state. *Id*."

2

61051074.1

However, Defendant does not provide a citation to the alleged United States Supreme Court opinion that he apparently relies upon.

Of course, the Court does not serve as a research assistant, doing the work that the party cannot be bothered to do. It is emphatically not the court's responsibility to research and construct the parties' argument. *Ruckman v. PHH Mortgage Corporation,* United States District Court, N. D. Ohio, Eastern division – October 19, 2022 – Exhibit 3).

Four, LR 7.1 (A) indicates that, "all motions, except those made orally during a hearing or trial, shall be accompanied by a supporting brief... All briefs filed in support of or in opposition to any motion shall contain a concise statement of the reasons in support of the parties position and shall cite all applicable federal Rules of Civil Procedure, all applicable local rules and **all other authorities upon which the party relies**." [Emphasis added]

Defendant has failed to meet his burden of proof and cites no authority in support of his requested relief. On those grounds alone, the Application should be denied.

**THE REQUESTED RELIEF IS MOOT**:

As noted, the Court has already entered an Order staying the matter. Moreover, the Court granted a Motion to Compel Arbitration and appointed David Groner as the arbitrator. (See exhibit 1).

Rather than challenge the arbitrator's award, Defendant initiated a separate arbitration.

In any event, Article III permits the federal courts to hear only "cases" or "controversies." U.S. Const. art. III, § 2. The constraint applies from "cradle" to "grave," demanding that a live issue exist at every stage of litigation. *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011). A dispute remains viable only so long as "the parties have a concrete interest" in its outcome. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quotation omitted). Otherwise, we must dismiss an appeal as moot if there is no way to grant "effectual relief." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992).

Here, there is no viable issue. The arbitration has been completed. That Defendant does not like the result does not give him the ability to initiate another arbitration proceeding. Likewise, the Defendant does not like the result of the Arbitration, and does not support a request to stay this matter.

This Application is another step in the long line of gamesmanship by the Defendant. He had previously filed a motion to dismiss this matter. It was entitled "emergency motion to dismiss for lack of jurisdiction." (See Exhibit 4). That motion was denied.

4

Because of the Defendant's actions, Plaintiffs were required to file multiple motions resulting in orders prohibiting the Defendant from entering the property located at 522 Reynolds. (Exhibit 5 and 6). Defendant continued to ignore those orders and, ultimately, is facing criminal charges in the State of Ohio.  The criminal charges stem from, among other things, the fact that Defendant transferred ownership of the property, unilaterally, to an entity solely owned by the Defendant. Defendant did not compensate the actual owner of the entity. Moreover, even though he allegedly owned the property, Defendant did not pay taxes or otherwise maintain the property. Instead, he vandalized the property and left the true owner, the real amount, to pay the taxes and upkeep on the property.

Defendant filed an involuntary bankruptcy petition against Mr. Rillema. Defendant filed multiple bankruptcies himself. Bankruptcies were dismissed and he was sanctioned by the bankruptcy court in Ohio.

One of the reasons that Defendant continually filed petitions for bankruptcy was to avoid the arbitration that had been ordered by this Court. Plaintiffs had to file a motion to lift the stay, which was ultimately granted (see Exhibit 7).

This "Application" is simply another desperate effort by the Defendant to avoid a rightful determination. That determination returns the property to its rightful owner, 522 Reynolds, LLC, and Mr. Rillema.

                                                  PLUNKETT COONEY

Date: July 31, 2025         BY:   /s/Michael D. Weaver
                                                 MICHAEL D. WEAVER (P43985)
                                                 Attorney for Plaintiffs
                                                 38505 Woodward Avenue
                                                 Suite 100
                                                 Bloomfield Hills, MI  48304
                                                 Tele: (248) 901-4025
                                                 mweaver@plunkettcooney.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that on the 31st day of July 2025, I filed the foregoing Motion to Certify Arbitration Award via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, which will provide notice of this electronic filing to all counsel of record and via U.S. Mail, Postage Prepaid to the following:

Beauregard Maximillian Harvey
8130 Timothy Lane
Sylvania, OH 43560

                                                            PLUNKETT COONEY

Date: July 31, 2025           BY:   /s/Michael D. Weaver
                                                     MICHAEL D. WEAVER (P43985)
                                                     Attorney for Plaintiffs

61051074.1