```
```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Kurt Rillema,
an individual,

    Plaintiff,

V.

Beau Harvey,
an individual,

    Defendant/
    Counter Complainant

Case No. 2:23-cv-12042

JUDGE HON. Johnathan J.C. Grey

MOTION TO DISMISS FOR
LACK OF DIVERSITY JURISDICTION

_____

MOTION TO DISMISS FOR LACK OF DIVERSITY
_____

Now comes the Defendant/Counterclaimant and hereby moves again to dismiss this matter for lack of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). The plaintiff, for the eighth time, has attempted to add a party to an arbitration that destroys diversity.

This Court appointed an arbitrator in opposition to the party's contract. The arbitrator was immediately removed by this Defendant by filing with AAA to remove the arbitrator pursuant to the AAA rules. Only AAA can hear the motion to remove the arbitrator.

Now, there is a fraudulent Arbitration Order presented for this Court to approve. The request lacks diversity, again. This Court never had jurisdiction based on the look through approach mandated in *Vaden*[1] and further reiterated in *Badgerow*[2].

For the aforementioned reasons, and the reasons more fully stated below, this Court must dismiss this matter for it never had jurisdiction based on controlling case law requiring this Court to perform a look through analysis based on Vaden and restated in Bagderow.

Respectfully submitted,

/s/Beau Harvey
8130 Timothy Lane
Sylvania, OH 43560
Phone: 419-705-0922
Email: xlegalfiling@gmail.com

---

[1] Vaden v. Discover Bank 556 U.S. 49 (2009)
[2] Badgerow v. Walters 596 U.S. ___ (2022)

**MEMORANDUM IN SUPPORT**

This case came to the Court after Defendant/Counterclaimant initially filed a Suit against Kurt Rillema for numerous violations of Federal and State law based on diversity. The case was filed in the United States District Court, Northern District of Ohio on May 30, 2023.

Rillema, not moving to compel arbitration or stay the matter pursuant to FAA Section 3 claim, moved to dismiss the case pursuant to 12(b)(6) because to dismiss pursuant to Forum non conveniens would require another forum be available. This ran afoul to their contention that the arbitral forum, AAA, was not available. So counsel moved for dismissal instead of transfer.

This was not only a disingenuous argument to the District Court, it was fraud. It is also a bar to recovery pursuant to res judicata and places the plaintiff in default in proceedings pursuant to FAA Section 4.

When Plaintiff then attempted to arbitrate without proper notice under state law, they were also in default.

The Initiation of the proceedings were required to be served prior to seeking this Court's intervention pursuant to Section 9 of the Michigan Uniform Arbitration Act.

There has to be a notice to arbitrate, an initiation of the arbitration, a failure to arbitrate pursuant to the agreement, and then a Motion to Compel that supports the aforementioned contentions. None of the conditions that support a failure to arbitrate by the Defendant have been plead or exist.

By their own confession of non compliance, they defeat the requirements in the FAA Section 4 application. Specifically, sections 7, 9, 11, and 15:

### 691.1687 Order to compel or stay arbitration.
### Sec. 7.

(1) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate under the agreement…

### 691.1689 Initiation of arbitration.
### Sec. 9.

"(1) A person initiates an arbitration proceeding by giving notice in a record to the other parties to the agreement to arbitrate in the agreed manner between the parties….[T]he notice must describe the nature of the controversy and the remedy sought."

### 691.1691 Appointment of arbitrator; service as neutral arbitrator.
### Sec. 11.

"If the parties to an agreement to arbitrate agree on a method for appointing an arbitrator, **that method must be followed,** unless the method fails. "

**691.1695 Arbitration process.**
**Sec. 15.**

"...If an arbitrator orders a hearing, the arbitrator shall set a time and place and give notice of the hearing **not less than 5 days before the hearing begins**…"

By taking action in violation of the Michigan Uniform Arbitration Act prior to seeking judicial assistance pursuant to the FAA Section 4, the plaintiff was in default, and the Court should have stopped the inquiry at this point and denied the application.

By filing a motion to appoint an arbitrator outside of the parties clear and unambiguous incorporation of the AAA Rules, the Court violated the fundamental rights of the defendant and the plaintiff is in default in proceedings making the request. The Court should have dismissed the application at the request for the arbitrator.

The Court in an FAA Section 4 application has one role: To determine if there is an arbitration agreement, whether the plaintiff is in default in proceeding, and either dismissing or ordering the parties to arbitrate pursuant to the rules incorporated into their agreement. The Court has no other power.

However, in going forward, the Court would have found no diversity if it were to have followed the requirements in Vaden as reiterated in Bagderow.

In Vaden v. Discover Bank, 556 U. S. 49, this Court assessed whether there was a jurisdictional basis to decide an FAA Section 4 petition to compel arbitration by means of examining the parties' underlying dispute. The Court reasoned that specific language in Section 4 instructed a federal court to "look through" the petition to the "underlying substantive controversy." Id., at 62. If the dispute underlying a Section 4 petition falls within the court's jurisdiction—for example, by presenting a federal question—then the court may rule on the petition to compel arbitration.

In analyzing the framework of Vaden's look-through approach, the Court in Badgerow provided the following illustration on how a district court should proceed in an application pursuant to Section 4:

> "To show why that is so, we proceeded methodically through Section 4's wording. "The phrase 'save for [the arbitration] agreement,'" we began, "indicates that the district court should assume the absence of the arbitration agreement and determine whether [the court] 'would have jurisdiction . . .' without it." Ibid. (first alteration in original). But "[j]urisdiction over what?" Ibid. "The text of Section 4," we continued, "refers us to 'the controversy between the parties.'" Ibid. And that "controversy," we explained,

6

could not mean the dispute before the court about "the existence or applicability of an arbitration agreement"; after all, the preceding save-for clause had just "direct[ed] courts" to assume that agreement away. Id., at 63. The "controversy between the parties" instead had to mean their "underlying substantive controversy." Id., at 62 (internal quotation marks omitted). "Attending to the language" of Section 4 thus required "approv[ing] the 'look through' approach" as a means of assessing jurisdiction over petitions to compel arbitration. Ibid. The opposite view was not merely faulty; it was "textual[ly] implausib[le]." Id., at 65."

Had the Court followed the requirements in the look through analysis, the Court would have discovered Rillema's "controversy" to include a claim and party that destroys diversity. While he lacks standing to assert his claim, and his claim is barred by res judicata, this Court does not have jurisdiction.

Proceedings conducted under a closed AAA case number after removal of the arbitrator are void ab initio. Under *Buckeye Check Cashing, Inc. v. Cardegna*, jurisdictional defects render proceedings a nullity, eliminating any need for vacatur under FAA §§ 10–11.

Because Rillema's claims in the look through analysis destroy diversity, even as bogus and fraudulent as they are, this Court must dismiss because it never had jurisdiction in the first instance.

7

For the aforementioned reasons, the Defendant moves this Court to immediately dismiss this matter and alternatively stay all proceedings until the Court of Appeals rules on the Writs of Mandamus and Prohibition.

/s/Beau Harvey
8130 Timothy Lane
Sylvania, OH 43560
Phone: 419-705-0922
Email: xlegalfiling@gmail.com

## CERTIFICATION

I, Beau Harvey, hereby certify that on August 18, 2025, a copy of this Notice will be served via email to all parties who have appeared electronically or to their counsel.

Respectfully submitted,

/s/ Beau Harvey

8