UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Kurt Rillema,
an individual,

        Plaintiff,

v.

Beau Harvey,
an individual,

        Defendant/
        Counter Complainant

Case No. 2:23-cv-12042

JUDGE HON. Johnathan J.C. Grey

APPLICATION TO COMPEL
ARBITRATION PURSUANT
TO FAA § 4 and CONTINUE
REQUESTED STAY

---

APPLICATION TO COMPEL ARBITRATION PURSUANT TO FAA § 4

AMERICAN ARBITRATION ASSOCIATION CASE 01-25-0002-3640

---

Defendant Beau Harvey hereby submits his Application to Compel Arbitration pursuant to FAA Section 4, and requests this Court set a hearing date to hear the parties as required. Counsel for the plaintiff was not available from August 1-17, 2025. This party did reach out via telephone to discuss the matter prior to filing, but consent could not be obtained prior to filing this Motion to Compel because counsel was out of town.

The parties to the contract subject to arbitration are Beau Harvey and Kurt Rillema. The parties have incorporated the Commercial Rules of the American Arbitration Association into their Operating Agreement. See Operating Agreement in following:

ECF DOC 1-3, Northern District of Ohio, Rillema Admission that ECF DOC 12 at 1, admitting 1-3 controls; Eastern District of Michigan ECF DOC's: 1-2, 2-2, and 3-2, Operating Agreement.

By incorporating the AAA Rules into their agreement, the parties have "clearly and unmistakably" intended to have AAA govern arbitration. See Henry Schein, Inc. v. Archer & White Sales, Inc., 139 S. Ct. 524, 531 (2019) All courts of appeals have concluded that by incorporating AAA rules into the agreement of the parties is "clear and unmistakable" evidence that the parties agreed to have AAA administer their arbitration. Id.

Now after asking for arbitration, Rillema has failed to arbitrate pursuant to the Agreement. AAA has now stated that in order for the arbitration to go forward, this Court would need to issue an ORDER compelling Arbitration to AAA.

For the foregoing reasons, Defendant/Counterclaimant requests this Court find that plaintiff Kurt Rillema is in Default in proceedings, and issue an ORDER to Compel Arbitration pursuant to the rules of AAA and including specific language that directs the AAA CASE 01-25-0002-3640 to proceed as filed, and for plaintiff to participate with the filed case without further delay, and that no other parties may be added to the arbitration.

Respectfully,

*/s/ Beau Harvey*
Beau Harvey
Telephone: 419-705-0922
Email:xlegalfiling@gmail.com

## MEMORANDUM IN SUPPORT

This matter comes to the Court after the plaintiff has failed to arbitrate pursuant to the agreement between the parties.

The only two persons that are parties to the Operating Agreement found in two Federal District Courts are Beau Harvey and Kurt Rillema. Both parties were 50/50 partners in a commercial real estate business. There is no dispute to this fact and is contained in the depositions of Kurt Rillema in a former lawsuit in Lucas County, Ohio.

Rillema has failed to operate the company lawfully pursuant to the requirements contained in Michigan LLC Act, Ohio Revised Code Section 1706, the Articles of Incorporation, and Operating Agreement, Page 1, Section 3, paragraph 1.

Rillema has failed to keep a Capital Account for each member in accordance with Section 704(b) of the Internal Revenue Code and Treasury Regulation Section 1.704-1(b)(2)(iv). Operating Agreement, Page 2, Section 6, paragraph 4.

Rillema has failed to manage the company in a lawful manner by failing to account for the partnership income pursuant to Generally Accepted Accounting Principles (GAAP) as required. Operating Agreement, Page 4, Section 7, paragraph 1

Rillema has failed to account for partnership accounts as required. Operating Agreement, Page 4, Section 7, paragraph 2

Rillema has failed to file tax returns for the Company and issue tax documents for the members as required. Operating Agreement, Page 4, Section 7, paragraph 2

Rillema has failed to have both members on the bank account as required. Operating Agreement, Page 4, Section 8, paragraph 1

Rillema's additional and numerous violations of law have been provided and documented in this Court. ECF 10.

This Court acknowledged in its ORDER related to Rillema's "EMERGENCY" Motion to Reopen, ECF 27, that Rillema had failed to arbitrate and continued to delay the process, that Rillema had been removed from the company, and the former company property was prior to his filing this case on August 11, 2023. The Court denied Rillema's Motion to Reopen. ECF 30, page ID 645

In their erroneous filings, Rillema's counsel filed bogus documents with references chapters of the FAA that do not apply to the parties, namely:

CHAPTER 2—CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS (§§ 201 – 208)

CHAPTER3—INTER-AMERICAN CONVENTION ON INTERNATIONAL COMMERCIAL ARBITRATION (§§ 301 – 307).

Nonetheless, Rillema's counsel drafted orders for the Court that prejudiced this Defendant and brought questions to the validity of the proceedings that are still unresolved. Those orders remain in place.

However, the Rules of AAA have removed the Court appointed arbitrator rendering the issue moot. AAA Rule 19 provides that only AAA may rule on a motion to remove an arbitrator.

On December 26, 2023, Michael Weaver filed a case without paying the fee to AAA. The administration upon filing with AAA, even without paying, issues a case number.

AAA issued plaintiff case number 01-23-0005-9631.

Weaver had filed with AAA knowing that if he didn't pay the fee that AAA would close the case. This Defendant was provided notice of the filing from AAA indicating that Weaver had filed naming 522 Reynolds and Kurt Rillema as plaintiffs. Proper objection to the appointment of the Arbitrator was made. AAA removed the arbitrator without an additional appointment.

On January 3, 2024 AAA closed the case for plaintiff's failure to prosecute the case and pay the filing fee and removed the arbitrator in violation of the AAA rules.

Since January 3, 2024, the case has remained without an arbitrator and without a forum. That didn't stop the plaintiff or counsel from abuse of process. Counsel for Rillema used closed AAA case number to issue an ORDER that was used to arrest the Defendant when he was at his business.

Weaver provided Toledo Police a fake Order alleging AAA had issued it. The criminal cases are still pending and Rillema has been ORDERED to appear with Weaver in Lucas County, Ohio.

The Trial Court has issued an ORDER for the Michigan Attorney General to allow Rillema to appear in Ohio. Failure of Rillema to appear is a violation of Defendant's sixth amendment right of confrontation.

On May 16, 2025 this Defendant filed with AAA to arbitrate the dispute. AAA served Notice of Demand to Arbitrate, Exhibit 1.

AAA sent Notice of Administrative Hearing and Notice that all requirements for Demand had been properly served. Exhibit 2

Rillema's counsel failed to answer or object to jurisdiction or venue as required by June 24, 2025. See Notice Exhibit 2

AAA scheduled an Administrative Hearing on June 26, 2025. Exhibit 3

Rillema's counsel appeared at the June 26, 2025 hearing. At the hearing, counsel stated that they would talk with Judge Grey and that an arbitrator had already been appointed. Counsel was however reminded that only AAA can appoint an arbitrator.

The administrator provided Rillema's counsel until July 11, 2025 to provide a response to the administrator. On July 10, 2025, Mike Weaver drafted a document to AAA stating that the parties did not agree to arbitrate. He then stated that there was no agreement to use AAA. He then alleged that there was an arbitration that occurred on July 9, 2025.

Interestingly, at the administrative hearing Rillema's counsel indicated that the arbitration would take 5 days. Yet, he was able to hold a fraudulent arbitration in only 1 day and without a forum or AAA rules.

6

AAA however has no record of such an event. Now, Weaver is alleging he followed AAA rules, but AAA did not administer any arbitration.

In an attempt to salvage his fraudulent proceedings, he has asked this Court to confirm his fraud. Not only does AAA not allow ex parte communication, something Weaver is accustomed to, they also don't let fake arbitrators participate in proceedings. AAA appoints the arbitrators and only AAA issues awards, not some made up fictional arbitrator that AAA has never heard of.

This failure to arbitrate pursuant to the AAA rules as provided in the Operating Agreement is a default in proceedings.

Section 3 of the FAA, 9 U.S.C. 3, provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

This Defendant filed the demand to arbitrate with the American Arbitration Association as required. AAA issued a Case number 01-25-0002-3640. The Defendant has paid all fees required. Rillema has failed to answer and failed to file any objection as required by the AAA Commercial Rules that govern the arbitration in this case.

The arbitration process has been abandoned by Rillema who is in Default in proceedings as provided in FAA Section 4 which states:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue. Where such an issue is raised, the party alleged to be in default may, except in cases of admiralty, on or before the return day of the notice of application, demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose. If the jury find that no agreement in writing for arbitration was made or that there is no default in proceeding thereunder, the proceeding shall be dismissed. If the jury find that an agreement for arbitration was made in writing and that there is a default in proceeding thereunder, the court shall make an order summarily directing the parties to proceed with the arbitration in accordance with the terms thereof.

Defendant requests this Court issue an ORDER upon 5 Days notice as required by Section 4 of the FAA.

Finally, for the foregoing reasons, Defendant/Counterclaimant requests this Court find that plaintiff Kurt Rillema is in Default in proceedings, and issue an ORDER to Compel Arbitration pursuant to the rules of AAA and including specific language that directs the AAA CASE 01-25-0002-3640 to proceed as filed, and for plaintiff to participate with the filed case without further delay, and that no other parties may be added to the arbitration.

/s/ Beau Harvey
Beau Harvey
Telephone: 419-705-0922
Email:xlegalfiling@gmail.com

## CERTIFICATION

I, Beau Harvey, hereby certify that on August 19, 2025, a copy of this application was filed electronically. Notice will be sent to all parties who have appeared electronically or to their counsel.

/s/ Beau Harvey
Beau Harvey



Northeast Case Management Center
Elizabeth Corsetti, JD
Assistant Vice President
1301 Atwood Avenue
Johnston, RI 02919

June 12, 2025

Beau Harvey
8130 Timothy Lane
Sylvania, OH 43560
Via Email to: xlegalfiling@gmail.com

Mike Weaver
Plunkett Cooney, PC
38505 Woodward Avenue
Suite 100
Bloomfield Hills, MI 48304
Via Email to: mweaver@plunkettcooney.com

**Case Number: 01-25-0002-3640**
**Beau Harvey**
**-vs-**
**Kurt Rillema**

Dear Parties:

Thank you for choosing the American Arbitration Association (the AAA) to assist you in resolving your dispute. This letter along with the attached Arbitration Information Sheet, *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy*, and *AAA-ICDR Cybersecurity Checklist* provide basic information about the AAA's arbitration process.

The AAA WebFile® Electronic Case Filing Guidelines apply to this dispute. The AAA requires the parties to use AAA WebFile® to file online their pleadings, including claims, counterclaims, answers, motion briefing, pre- and post-hearing briefs, and other substantive filings. To e-file or view documents on AAA WebFile, case participants must have an active AAA WebFile account and must have previously filed a notice of appearance or otherwise appeared in the case. If you have any questions, please refer to the AAA WebFile® Electronic Case Filing ("ECF") Guidelines FAQ or contact your case manager.

The above-captioned case was filed on May 16, 2025. This matter is being administered under the Regular Track procedures of the current Commercial Arbitration Rules, which may be obtained from our website at www.adr.org.

Claimant has requested that the hearing be held in Delaware. Please review the Rules and the Arbitration Information Sheet regarding the locale of hearings. Also, in accordance with the Rules, if Respondent does not answer on or before **June 26, 2025** we will assume that the claim is denied. If Respondent wishes to file a counterclaim please send it to the attention of the undersigned, along with the filing fee. A copy of the counterclaim should also be sent directly to Claimant.

To help arbitrators during the appointment process, the parties must complete a Checklist for Conflicts form. This form helps to avoid the possibility of a last-minute disclosure and/or disqualification of the arbitrator(s). Parties are requested to provide the full and complete names of all persons, firms, companies or other entities involved in this matter including, but not limited to, subsidiaries, related entities, witnesses, consultants, and attorneys. Arbitrators may need to divulge any relevant information in order to make necessary disclosures, in accordance

with the rules. This form is not a preliminary or final witness list, and the AAA will not share your Checklist with the opposing party and the parties are not required to exchange them. The Checklist is due by **June 26, 2025** and may be completed online via the AAA's WebFile at www.adr.org. Subsequent updates to the Checklist may be completed at any time.

We invite the parties to consider mediation, at this early stage in the arbitration process, in an effort to resolve your dispute more quickly and economically. Some of the benefits of the Association's Mediation services are as follows:

- Mediation will neither impede nor delay the arbitration process; your arbitration schedule will remain on track with no time lost.
- Contingent on party schedules, a mediation conference can be scheduled very quickly, typically at a lower cost than arbitration.
- Mediation settlements have been reached in over 80% of our cases, the majority of which have been completed in one day.
- There are no additional administrative filing fees for parties to a pending arbitration who wish to attempt to mediate their dispute under the auspices of the AAA.
- After a brief joint session, the mediator may work privately with each party. Because these discussions with the mediator are private, original positions and confidences are not violated and each party may more fully test their perception of the facts, issues and legal theories pertinent to the case.
- Mediation is a confidential process that is similar in nature to the unofficial settlement negotiations that may occur between parties.
- The mediator will primarily assist the parties in communicating, and may encourage the parties to focus on interests not previously considered, or open-ended discussion in areas inadequately developed previously. The mediator will help to find solutions acceptable to both parties.
- Unlike an arbitrator, a mediator does not have the authority to make any decisions that are binding upon the parties. As such, the parties may discontinue at any time if they feel the process is not productive.

Given the success rate and the obvious economic advantages, we believe that mediation in this matter may be beneficial. Our mediators, consisting of attorneys, non-attorneys and retired judges, are drawn from a specially compiled panel of experienced, respected neutrals within their fields.

If the parties would like to pursue mediation, please let us know on or before **June 19, 2025** and a list of mediators suited to this case will be provided for party selection.

The American Arbitration Association has scheduled an administrative conference call for **June 26, 2025 at 2:00pm EST.**

At that time, click the link below, input your name and phone number, and click "Call Me Now." LoopUp will call you directly on the phone number provided. As a reminder, this is not a video conference and, by clicking the link, you will still only be connected by phone. You do not need a LoopUp account, and there is no software to download.

   First, click: https://meet.loopup.com/zigH0Z
   Or, if you are offline, dial in:
   USA: +1 (855) 633-2040
   Passcode: 2328244#

If you have an AAA WebFile account, you should see this case listed when you log in. If you do not see the case number when you login, please contact me. If you do not have an AAA WebFile account, please navigate to www.adr.org and click on "Create Account" at the top to enter your email address and begin the registration process.

Please do not hesitate to contact me with any questions.

Sincerely,

Kimberly Richard
Case Administrator
Direct Dial: (401)296-3893
Email: KimberlyRichard@adr.org

Enclosures

**AMERICAN ARBITRATION ASSOCIATION** | **INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION**

## Arbitration Information Sheet

This document provides information about your upcoming arbitration and the expectations concerning each party's conduct throughout the process. Please save this information sheet so that you may refer to it throughout the arbitration.

**Administrative Conference** – The AAA may conduct an Administrative Conference with the parties to discuss issues that will assist the AAA in administering the case as efficiently as possible. This is also a good time for the parties to discuss ways to conduct the arbitration to meet their specific needs. Please be prepared to discuss the following:

- Estimates on the expected duration of the case;
- Number of arbitrators/party-appointed arbitrator provision;
- Method of appointment of arbitrators, if applicable;
- Your views on the qualifications of the arbitrators to be proposed;
- The possibility of submitting this dispute to mediation;
- The handling of extension requests;
- Reminder for parties to review the *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy*;
- Means of communication between the AAA and the parties;
- The possibility of utilizing a documents only process.

**Exchange of Correspondence and Documents** – It is also important to note that the parties must exchange copies of all correspondence during the course of the arbitration. The two exceptions are the Checklist for Conflicts mentioned above and the party's arbitrator ranking list, which you will receive further information on during the course of the arbitrator appointment process. The parties only need to send copies of documents, such as discovery, to the AAA if the document is to be transmitted to the arbitrator for a determination.

**Communications with Arbitrator** – It is very important that parties do not engage in any ex-parte communications with the arbitrator. So as to minimize the potential of such communications, this case will be administered by facilitating the exchange of appropriate written documents through the AAA. To ensure the proper handling of all case-related documents, the parties are asked not to submit correspondence directly to the arbitrator. Correspondence should be submitted to your primary contact for transmittal to the arbitrator, copying the other party.

**Timeliness of Filings** – Please pay particular attention to response dates included on any correspondence sent to you by the AAA. Untimely filings or responses will not be considered by the AAA. Therefore, if you need an extension to any deadline, please contact the other party to reach an agreement. In the event you are unable to agree, the AAA or the arbitrator will determine if an extension will be granted.

**International Arbitrations** – If either party believes a matter involves an arbitration agreement between parties from different countries or otherwise has an international nexus that may give rise to unique issues, please let the AAA know within fifteen days. The International Centre for Dispute Resolution (ICDR, www.ICDR.org ) is a Division of the AAA that administers international arbitrations worldwide, including in the US. The ICDR is available for assistance in any arbitration handled by the AAA, or, alternatively, can administer the case, if both parties agree. The AAA can also apply its Supplementary Procedures for International Arbitration under any of its Rules. The Supplementary Procedures are available on either www.ADR.org or www.ICDR.org.

**Locale of the Arbitration** – The parties may agree to a locale for the arbitration. This agreement can be made in the parties' agreement or contract, or when the arbitration is submitted to the AAA. The AAA will place the

arbitration within the agreed upon locale.

When the parties' arbitration agreement is silent or ambiguous with respect to locale, and the parties disagree as to locale, the AAA may determine the place of arbitration, subject to the power of the arbitrator after appointment, to make a final determination on the locale.

In these circumstances, the Claimant will generally request that the hearing be held in a specific locale. If the Respondent fails to file an objection to the locale requested by the Claimant within 14 calendar days after the notice of the request has been sent to the Respondent by the AAA, the AAA will confirm the locale requested by the Claimant is agreeable.

When a locale objection is filed, each party is requested to submit written statements regarding its reasons for preferring a specific locale. In preparing their written statements, the parties are asked by the administrator to address the following issues:

- Location of parties & attorneys;
- Location of witness and documents;
- Location of records;
- If construction, location of site, place or materials and the necessity of an on-site inspection;
- Consideration of relative difficulty in traveling and cost to the parties;
- Place of performance of contract;
- Place of previous court actions;
- Location of most appropriate panel;
- Any other reasonable arguments that might affect the locale determination.

**AAA WebFile** – We encourage the parties to visit our website to learn more about how to file and manage your cases online. As part of our administrative service, AAA's WebFile allows parties to perform a variety of case related activities, including:

- File additional claims;
- Complete and update the Checklist for Conflicts form;
- View invoices and submit payment;
- Merge forms that auto-populate with case and party information;
- Share and manage documents;
- Strike and rank listed neutrals;
- Review case status or hearing dates and times;
- Upload hearing exhibits in a dedicated space activated by the arbitrator.

AAA WebFile provides flexibility because it allows you to work online as your schedule permits - day or night. Cases originally filed in the traditional offline manner can also be viewed and managed online. If the case does not show up when you log in, please contact your AAA case manager to request access.

**Refund Schedule** – The AAA has a refund schedule in the administrative fee section of the Rules. After 60 days of the AAA's receipt of the Demand or the appointment of the arbitrator the filing fees are non-refundable. The AAA will only refund filing fees as outlined in the Rules and does not refund neutral costs incurred when parties settle their dispute or withdraw their claims. Case service Final fees are fully refundable if the parties provide at least 24 hours' notice prior to the hearing.

*Revised 12/17/2020*



## Billing Information Sheet

**Deposits** – After the preliminary management hearing, the arbitrator will notify the case manager how much time is anticipated for the arbitration process. The Manager of ADR Services will then notify the parties of this amount. Once billing is entered into our system an invoice is automatically generated and transmitted within 2 weeks. Should you need an immediate copy to expedite payment please contact your case manager. Your Invoice/Statement includes a list of "Payment Options." If paying by check, please make it payable to "American Arbitration Association" and send it to your case manager's attention at the office address specified on the "Payment Options" page of your Invoice/Statement. These deposits are typically due thirty days prior to the evidentiary hearings, but this may vary depending on the schedule specific to this case.

At the conclusion of the preliminary management hearing, the parties' representatives and the Manager of ADR Services may discuss the AAA's billing and deposit practices with regard to covering the arbitrator's anticipated fees and expenses for the entire proceeding. We ask that the representatives discuss this with their clients prior to the conference so that any questions they may have can be addressed.

Deposits are typically due thirty days prior to the first evidentiary hearing and failure to make deposits by the established due date may result in the arbitrator suspending the proceeding. Therefore, please comply with all established due dates for payment in order to avoid interruption in the progress of the case. All unused deposits shall be promptly refunded.

Parties are also reminded that you may view case financial information, as well as make payments with a credit card online via AAA's WebFile.

Compensation to the arbitrator represents an independent obligation of the parties, and it is understood that the AAA has no liability, direct or indirect, for such payment. Each party shall promptly deposit in advance with the AAA such sums of money as required by the administrator to defray the costs of the arbitrator(s) fees. Compensation incurred will be deducted from deposits on hand, if any.

**Abeyance Fee** – Should parties agree, it is the policy of the Association to hold cases in abeyance for up to one year. The parties may continue to hold the matter in abeyance beyond that period providing they remit a payment of $500.00 to the AAA to cover the administrative expense of continued tracking of such cases.

**Final Fee** – The Final Fee covers all AAA services from the time a hearing is scheduled to when the case is awarded, settled or withdrawn. The Final Fee is billed after an arbitrator has been appointed and a hearing has been scheduled and is payable in advance of the first scheduled hearing. The Final Fee will be incurred for all cases that proceed to their first evidentiary regardless of whether that hearing is held in person, via video conference, or via telephone and is payable by each party filing a claim or counterclaim, pursuant to the applicable fee schedule. If a hearing does not take place, the Final Fee will be fully refunded if the parties provide at least 24 hours' notice prior to the hearing.

**Refund Schedule** – The AAA has a refund schedule in the administrative fee section of the Rules. After 60 days of the AAA's receipt of the Demand or the appointment of the arbitrator the filing fees are non-refundable. The AAA will only refund filing fees as outlined in the Rules and does not refund arbitrator costs incurred when parties settle their dispute or withdraw their claims. The date of receipt by the AAA of the demand for arbitration will be used to calculate refunds of both claims and counterclaims.



**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| | |
|---|---|
| **Mediation:** If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box ☐. There is no additional administrative fee for this service. | |
| You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement. | |

Name of Respondent: Kurt Rillema

Address: 141 First Street

| City: Coldwater | State: Michigan | Zip Code: 49036 |
|---|---|---|
| Phone No.: n/a | Fax No.: | |

Email Address: unknown

Name of Representative (if known): Mike Weaver

Name of Firm (if applicable): Plunkett Cooney

Representative's Address: 38505 Woodward Ave, Suite 100

| City: Bloomfield Hills | State: Michigan | Zip Code: 483047 |
|---|---|---|
| Phone No.: 248-901-4000 | Fax No.: 248-901-4040 | |

Email Address: MWeaver@plunkettcooney.com

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

Kurt Rillema, has engaged in the following continuing course of illegal, fraudulent or willfully unfair and oppressive conduct toward the Plaintiff, Beau Harvey. He has failed to perform all duties as required by Michigan Law and failed to lawfully operate the real estate business. He Misappropriating and diverting cash and other assets of the Company through various schemes of artifice, fraud and other unlawful

Dollar Amount of Claim: $ 1.00

Other Relief Sought: ☐ Attorneys Fees ☐ Interest ☑ Arbitration Costs ☑ Punitive/Exemplary
☑ Other: A finding Claimant followed requirements in operating agreeement for liquidation and IRS Treas. and, Rillema acted in Bad Faith

Amount enclosed: $ 950
In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

A legal understanding of contractual requirements for the Operating Agreement an understanding of how Partnership Taxation and Treasury rules apply to partnership taxation. Must understand the reporting requirements and that accounting of capital accounts inside and outside basis. How legal requirements of state statutes provide a remedy to remove and expel a member pursuant to the Operating Agreement for Illegal Activities that violate State and Federal Law including money laundering and illegal gaming. An understanding of Waiver and the FAA sections and case law applying Morgan v. Sundance and default and differentiate those

Hearing locale: Delaware- Respondent is Incarcerated and Company is closed.
(check one) ☑ Requested by Claimant ☑ Locale provision included in the contract

Please visit our website at www.adr.org/support to file this case online.
AAA Customer Service can be reached at 800-778-7879.



**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| | | |
|---|---|---|
| Estimated time needed for hearings overall: | hours or 1 | days |

Type of Business:

| | |
|---|---|
| Claimant: Real Estate Commercial Property | Respondent: In Prison for 15 Years for Rape |

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other?
no

| Signature (may be signed by a representative): | Date: |
|---|---|
| *[signature]* | 5/16/2025 |

Name of Claimant: Beau Harvey

Address (to be used in connection with this case): 8130 Timothy Lane

| City: Sylvania | State: Ohio | Zip Code: 43560 |
|---|---|---|
| Phone No.: 419-705-0922 | Fax No.: | |

Email Address: xlegalfiling@gmail.com

Name of Representative: self

Name of Firm (if applicable):

Representative's Address:

| City: | State: Select… | Zip Code: |
|---|---|---|
| Phone No.: | Fax No.: | |

Email Address:

To begin proceedings, **please file online at www.adr.org/fileonline**. You will need to upload a copy of this Demand and the Arbitration Agreement, and pay the appropriate fee.



Northeast Case Management Center
Elizabeth Corsetti, JD
Assistant Vice President

July 11, 2025

Beau Harvey
8130 Timothy Lane
Sylvania, OH 43560
Via Email to: xlegalfiling@gmail.com

Plunkett Cooney, PC
38505 Woodward Avenue, Suite 100
Bloomfield Hills, MI 48304
Via Email to: mweaver@plunkettcooney.com

Mike Weaver

**Case Number: 01-25-0002-3640**
**Beau Harvey**
**-vs-**
**Kurt Rillema**

Dear Parties:

This will confirm an administrative telephone call on June 26, 2025, with Mr. Beau Harvey on behalf of Claimant, Attorney Mark Oszust from Plunkett Cooney on behalf of Respondent, and the undersigned, wherein the following matters were discussed.

- The parties acknowledge that they will follow the AAA WebFile® Electronic Case Filing Guidelines to file online their pleadings, including claims, counterclaims, answers, motion briefing, pre- and post-hearing briefs, and other substantive filings.

- This will confirm Claimant and Respondent have opted out of mediation, pursuant to Rule R-10 - Mediation.

- Respondent objects to the arbitration and the locale of the arbitration. Respondent will submit their objection by July 11, 2025.

- Claimant estimates that this matter will require approximately 1 day of hearing and Respondent estimates this matter will require approximately 5 days of hearing.

- Respondent is to submit their Checklist for Conflicts via our website at www.adr.org. A copy of the Checklist for Conflicts form is also enclosed.

- The AAA will require advance deposits once the arbitrator is appointed. These deposits are calculated on the number of days the parties have suggested will be necessary, in addition to the pre and post hearing time that the arbitrator may charge pursuant to the arbitrator's resume.

- Arbitrator Qualifications requested:

    o <u>Claimant</u>- A legal understanding of contractual requirements for the Operating Agreement, an understanding of how Partnerships Taxation and Treasury rules apply to partnership taxation. Must understand the reporting requirements and that accounting of capital accounts inside and outside basis. How legal requirements of state statutes provide a remedy to remove and expel a member pursuant to the Operating Agreement for illegal activities that violate State and Federal Law, including money laundering and illegal

- gaming. An understanding of Waiver and the FAA sections and case law applying Morgan v. Sundance.
  - Respondent- Understanding of operating agreements involving limited liabilities of Michigan Law

If I missed anything from our conference, or if any of the above does not accurately reflect the discussions from our administrative conference, please inform me by **July 18, 2025**. Absent a response, the above shall be deemed accurate and agreed to by the parties.

Please do not hesitate to contact me should you have any questions.

Sincerely,


Kimberly Richard
Case Administrator
Direct Dial: (401)296-3893
Email: KimberlyRichard@adr.org

cc: Beau Harvey