# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Kurt Rillema,<br>an individual, | Case No. 2:23-cv-12042 |
| | JUDGE HON. Johnathan J.C. Grey |
| Plaintiff, | |
| V. | |
| | MOTION TO CORRECT THE<br>RECORD PURSUANT TO<br>FRCP 60(a) |
| Beau Harvey,<br>an individual, | |
| Defendant/<br>Counter Complainant | |

_____

MOTION TO CORRECT THE RECORD FRCP 60(a)
_____

Now comes Defendant/Counterclaimant and moves the court to correct the record of proceedings for clerical and ministerial errors contained therein.

For the reasons more fully provided in the memorandum attached hereto and incorporated herein, Defendant/Counter Complainant respectfully requests the Court correct clerical errors that do not accurately reflect the proceedings.

Respectfully,

*/s/ Beau Harvey*
Beau Harvey
Telephone: 419-705-0922
Email:xlegalfiling@gmail.com

## MEMORANDUM IN SUPPORT TO CORRECT THE RECORD

Rule 60 allows Relief from a Judgment or Order pursuant to section (a). Specifically FRCP 60 (a) provides:

"The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice…"

Defendant provides this Court several errors that need to be corrected to accurately reflect the record and properly preserve proceedings.

For the reasons stated and because justice requires, the Defendant requests the court to correct the following:

1. The petition initiating the request for relief by the Plaintiff is ECF #1.

2. The Court indicated in its ORDER on September 11, 2023 that it was granting the MOTION TO COMPEL in ECF #2. The Motion in ECF #2 was for an appointment of an arbitrator pursuant to FAA Section 5. The Court could not grant a Motion to Compel pursuant to Section 5 because that relief is not available in Section 5.

3. ECF #6 Scheduled a MOTION TO COMPEL, not a MOTION FOR TRO. The Notice of the MOTION TO COMPEL should have been docketed as ECF#1 since as stated ECF #2 Could Not Compel pursuant to Section 5 of the FAA.

4. ECF #6 Provides 5 Days Notice to Compel pursuant to ECF #1 and the hearing failed to provide the name of the Plaintiff of Counsel. But the docket should reflect that a hearing on a Motion to Compel ECF#1 was held on August 23, 2023 at 11:30 am. The Motion could not have been for a TRO in ECF#6 because the

2

burden is on the plaintiff who didn't provide any evidence or witness testimony and the Court could not have continued the TRO since it was not served as required. The TRO Required service by 5:00 pm on August 15, 2023. ECF #9 provides untimely service on August 16, 2023 at 7:47 am.

5. ECF #3 and should be vacated for failure of service, see ECF #9.

6. ECF #7 is not docketed.

7. ECF #8 summons fails to provide who counsel is and is therefore defective. It also fails to identify the document required to answer. Logically, because ECF #1 is the only Motion/Application that provides the framework to compel arbitration, the summons could only be issued for ECF #1.

8. ECF#10 answers and provides responses to ECF#1, 2, and 3. Further, the Defendant timely answered and appeared for ECF #6 on August 23, 2023 at 11:30. The record should so reflect that the Court did not find the Defendant in Default and did not summarily ORDER arbitration.

    Further ECF#10 Requests the Court Deny the Motion to Arbitrate.

9. Notice Relating to Certificate of Service on docket entry 15 was noticed under docket ENTRY 11:

    **Full docket text:**
    TEXT-ONLY CERTIFICATE OF SERVICE re [15] Order on Motion for TRO emailed to Beauregard Maximmilian Harvey at BMHarvey@PaceGreenEnergy.com (SOso)

10. TEXT ENTRY in ECF #10 requires correction. The Hearing was held on ECF #1, not 3. Rillema was not present and the Notice was MOTION TO COMPEL. See ECF #6
    **Full docket text:**

Minute Entry for in-person proceedings before District Judge Jonathan J.C. Grey: Motion Hearing held on 8/23/2023 re [3] MOTION filed by Kurt Rillema Disposition: Motion granted in part and denied in part. (Court Reporter: Leann Lizza) (SOso) Modified on 8/4/2025 (SOso).

The Minute Entry indicates that Sandra Osario has modified the ENTRY of the Hearing Held on 8/23/2023, but modification was on 8/4/2025. There was no notice of the modification.

11. ECF #17 Should be placed back on the docket having been stricken by a mistake arising from oversight. Specifically, the parties agreed to arbitrate. But there are many reasons for which the Court may ultimately have to hear the dispute of the parties. The Court, mistakenly struck a fundamental right of due process and inalienable fundamental rights of the Defendant pursuant to the fourth, fifth, sixth, seventh, tenth, and fourteenth amendments of the United States Constitution when it struck the Defendants Answer, Counterclaim, and Motions as an "Omnibus Motion" citing the local rule 7.1.

However, the Federal Rules of Civil Procedure are controlling over any local rule. The United States Supreme Court has the power to draft and amend the rules of procedure pursuant to 28 USC Section 2072. Rule 1 governs the overall objective of the Courts and FRCP 83 provides that a local rule may not affect a substantive right of a party.

**AUTHORITY FOR PROMULGATION OF RULES**
**TITLE 28, UNITED STATES CODE § 2072.**
Rules of procedure and evidence; power to prescribe

(b) Such rules shall not abridge, enlarge or modify any substantive right. **All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect. (emphasis added)**

**Rule 1. Scope and Purpose**

These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.

**Rule 83. Rules by District Courts; Judge's Directives**
**(a) LOCAL RULES.**
(1) In General.
"After giving public notice and an opportunity for comment, a district court, acting by a majority of its district judges, may adopt and amend rules governing its practice. A local rule must be consistent with—but not duplicate— federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075, and must conform to any uniform numbering system prescribed by the Judicial Conference of the United States…"

(2) Requirement of Form.
**"A local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." (emphasis added)**

The Defendant's Answer and Counterclaim are proper pursuant to FRCP 12(g) which provides:

**12(g) JOINING MOTIONS.**
**(1) Right to Join.**
A motion under this rule may be joined with any other motion allowed by this rule.

The Defendant complied with FRCP 12(g) and striking the pleading in ECF#17 has caused the Defendant to lose his rights and E.D. local rule 7.1 is Unconstitutional because it is in direct conflict with 28 USC §§ 2072-2027 and FRCP 83

12. ECF #21 Should provide that the Court held a hearing on ECF#1, not ECF#2.

13. ECF #21 Should correct the ORDER that the hearing was held on August 24, 2023; it was actually held on August 23, 2023.

5

14. ECF#59 States that the Court DENIED Respondent's Request to REOPEN the Case, ECF #30.

    However, it was not the RESPONDENT that requested to REOPEN the case in ECF #30, it was the plaintiff, Kurt Rillema.

    Specifically, the Court admonished RILLEMA for not following the Rules and RILLEMA for not moving forward to Arbitrate. The Court found the RILLEMA was removed from the Company and the Company was winding down pursuant to the Michigan LLC ACT and the Court did not have jurisdiction over the property in possession of Harvey. The Court further detailed the delay RILLEMA caused and that he was not a member of 522 Reynolds, and failed to assert standing.

For the reasons more provided and incorporated herein, Defendant/Counter Complainant respectfully requests the Court correct clerical errors that do not accurately reflect the proceedings.

    Respectfully,

    */s/ Beau Harvey*
    Beau Harvey
    Telephone: 419-705-0922
    Email:xlegalfiling@gmail.com

## CERTIFICATION

I, Beau Harvey, hereby certify that on August 20, 2025, a copy of this application was filed  electronically. Notice will be sent to all parties who have appeared electronically or to their counsel.

*/s/ Beau Harvey*
Beau Harvey
