## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KURT RILLEMA, an individual,

      Plaintiff,

v.                                            Case No.:  2:23-cv-12042-JJCG-APP

BEAUREGARD MAXIMILLIAN          Hon. Jonathan J.C. Gray
HARVEY, and individual                 Mag. Judge Anthony P. Patti

      Defendant.

_____/

## RESPONSE TO "MOTION TO CORRECT THE RECORD FRCP 60 (a)"

**QUESTION PRESENTED**

    1.    Is there a clerical mistake that warrants a correction of any Court Order in this matter?

    Plaintiff answers "NO".

**MOST RELEVANT LEGAL AUTHORITY:**

    1.    Fed R civ P 60

    2.    Fed R Civ P 59

    3.    *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir.1987).

    4.    *Olle v. Henry & Wright*, 910 F.2d 357, 364 (6th Cir.1990).

**INTRODUCTION:**

While Defendant is proceeding pro se, the Court should recall that Defendant is a former lawyer who has been disbarred. While courts generally apply a liberal pleading standard to pro se litigants, that should not be the case here where Defendant is a law school educated and former practicing lawyer. As the Sixth Circuit Court of Appeals as noted, "...the lenient treatment generally accorded to pre se litigants has limits. "*Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991).

Defendant asks the Court to "correct" documents dating back to 2023. He does so after this matter proceeded through arbitration with Judge David Groner (Ret) and while the Motion to Confirm the Arbitration Award is pending.

Instead of properly addressing the arbitration, Defendant has engaged in other tactics. Specifically, he has filed for bankruptcy more than once. He forced Kurt Rillema into bankruptcy. He filed a complaint in Ohio. Defendant has failed at every step.

Defendant also has a history of ignoring court orders. Indeed, his behavior in the bankruptcy court was so egregious that the judge ordered that he pay Rillema damages in excess of $39,000 dollars for fees and costs, along with over $100,000 in punitive damages (see Exhibit 1).

Judge Groner entered an order on May 3, 2024, prohibiting Defendant from entering the premises of 522 Reynolds, contacting tenants, or collecting rent. (See Exhibit 2). Defendant routinely violated the order.

Judge Michael Warren in the Oakland County Circuit Court issued an order on August 6, 2024, confirming Judge Groner's restrictive order. (See Exhibit 3). Again, Defendant continued to show up on the property, collect rents, threatened to evict tenants, and vandalized the property.

As this Court may recall, Defendant transferred ownership of the property from 522 Reynolds to an entity that the Defendant created. The transfer resulted in the Defendant claiming 100% ownership in the property while paying no money for the property. Worse, Defendant did not pay the property taxes, requiring Rillema to do so. More recently, Defendant didn't pay the water bill, and tenants called complaining that their water had been shut off. Again, Rillema paid the water bill arrearage.

Now, without pointing out any true clerical error, Defendant comes to the Court asking to undo two years of litigation. The claim is entirely without merit and sanctions are appropriate.

**LEGAL DISCUSSION:**

<u>Rule 60(a)</u> provides, in relevant part, that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from

oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...." Fed.R.Civ.P. 60(a). A good number of legal authorities offer guidance on the application of Rule 60(a). The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995). Clerical mistakes include those made by judges as well as ministerial employees. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987). The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an "error[ ] of substantive judgment." *Olle v. Henry & Wright,* 910 F.2d 357, 364 (6th Cir.1990). One court has aptly noted that:

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court *changes its mind,* either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.*Blanton,* 813 F.2d at 1577 n. 2 (citation omitted) (emphasis in original).

Stated differently, a court properly acts under <u>Rule 60(a)</u> when it is necessary to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Vaughter v. Eastern Air Lines, Inc.,* <u>817 F.2d 685, 689 (11th Cir.1987)</u>. In that regard, when a court has undertaken to "make the judgment or record speak the truth" rather than "something other than what was originally pronounced" the court has not abused its discretion in granting relief under <u>Rule 60(a)</u>. *Id.*

Here, not only is there no clerical error requiring correction, but the Defendant's Motion fails to cite anything that requires a correction. Notably, Defendant seems to focus on a temporary restraining order entered by this Court. That was, as titled, a temporary order. It expired. It was not until the parties proceeded to arbitration with (retired) Judge Groner that a more long-lasting Order was entered. (See Exhibit 2).

Defendant next indicates that he was denied due process. Nothing could be further from the truth. The operating agreement for 522 Reynolds, LLC, contained a mandatory arbitration clause. Plaintiff filed a Motion to Compel Arbitration, which was granted. In that same Order, the Court appointed an arbitrator- (retired) Judge Groner. Judge Groner presided over the arbitration, conducted hearings, and ultimately held a full arbitration hearing. Judge Groner then issued an award. A Motion to Confirm Arbitration Award is pending.

5

61173887.1

Defendant did not agree with the Arbitration Award. Rather than file an appeal with this Court, he has filed multiple motions that are meritless. This motion is really a Rule 59 motion. It is untimely.  Fed.R.Civ.P. 59(e)  requires that: "Any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment." Fed.R.Civ.P. 59(e). Defendant's motion focuses on rulings by the Court in 2023. Clearly, the instant Motion is untimely.

Only grounds for granting a motion to alter or amend judgment are newly-discovered evidence or manifest errors of law or fact.   Arthur v. King, C.A.11 (Ala.) 2007, 500 F.3d 1335, certiorari denied 128 S.Ct. 660, 552 U.S. 1040, 169 L.Ed.2d 511. Of course, Plaintiff cites no "newly discovered evidence" in support of this motion.

Last, and further proof that this is a "Hail Mary" from Defendant, is in fact that rather than come to this Court for relief, he sought to initiate an action with the American Arbitration Association. When they learned that the matter had been placed in the arbitration by Order of this Court and that the arbitration had been completed, they dismissed the Defendant's ill-fated claim. (See Exhibit 4)

**CONCLUSION:**

The Defendant's desperate efforts to somehow correct events from more than two years ago are simply without merit and procedurally defective. This Court

6

ordered an arbitration consistent with the operating agreement of the entity and the Court appointed an arbitrator. The arbitration has been concluded.

WHEREFORE, PLAINTIFF requests that this Honorable Court deny the within motion and award costs and fees incurred in defending this vexatious Motion.

PLUNKETT COONEY

Date: August 31, 2025        BY:   /s/Michael D. Weaver
                                   MICHAEL D. WEAVER (P43985)
                                   Attorney for Plaintiffs
                                   38505 Woodward Avenue
                                   Suite 100
                                   Bloomfield Hills, MI  48304
                                   Tele: (248) 901-4025
                                   mweaver@plunkettcooney.com

7

61173887.1

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that on the August 31, 2025, I filed the foregoing Motion to Certify Arbitration Award via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, which will provide notice of this electronic filing to all counsel of record and via email and U.S. Mail, Postage Prepaid to the following:

Beauregard Maximillian Harvey
8130 Timothy Lane
Sylvania, OH 43560


                                        PLUNKETT COONEY

Date: August 31, 2025          BY:   /s/Michael D. Weaver
                                     MICHAEL D. WEAVER (P43985)
                                     Attorney for Plaintiff

8

61173887.1