## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KURT RILLEMA, an individual,

    Plaintiff,

v.                                          Case No.:  2:23-cv-12042-JJCG-APP

BEAUREGARD MAXIMILLIAN            Hon. Jonathan J.C. Gray
HARVEY, and individual                Mag. Judge Anthony P. Patti

    Defendant.

_____/

## RESPONSE TO MOTION TO DISMISS FOR
## LACK OF DIVERSITY

**QUESTION PRESENTED**:

1. Should this case be dismissed for lack of jurisdiction?

    Plaintiff answers "No"

**APPLICABLE LAW**:

    28 USC 1332(a)

**INTRODUCTION**:

    Defendant filed a Verified Petition to Compel Arbitration. (See Exhibit 1). The Court issued an order granting the Motion to Compel Arbitration and Appointing Arbitrator. (See Exhibit 2 - September 11, 2023 Order)

61175667.1

Interestingly, and certainly contrary to his position in the instant motion, Defendant had initiated litigation in the State of Ohio in May 2023. His claim was directly against Kurt Rillema. There, of course, he did not suggest that jurisdiction is proper only with the American Arbitration Association. (see Exhibit 3 - May 25, 2023 verified complaint)

Now, when convenient – and after an adverse arbitration award – the Defendant now believes that a dispute between Rillema and Harvey, jurisdiction would only be proper with the American Arbitration Association.

The parties executed an Operating Agreement.  That agreement specifically indicates that any dispute would be resolved through arbitration and would follow the **rules** of the American Arbitration Association. There is no mandate that the matter be arbitrated with the American Arbitration Association. (See Exhibit 4 – operating agreement – emphasis added)

As it relates to diversity, the parties to this claim are Kurt Rillema, a Michigan resident, and Mr. Harvey – in Ohio resident. Diversity of his contacts is consistent with 28 USC 1332(a).

Defendant attempted to steal the company. Rillema bought the property in 2019 (Exhibit 5 – purchase agreement). The deed reflects ownership 522 Reynolds LLC (see Exhibit 6). Harvey then placed real amount in an involuntary bankruptcy. Next, Harvey transferred the property to "AEY APP. LLC" an entity

owned solely by Harvey. (See Exhibit 7). This transfer was effectuated at a price of zero dollars.

Harvey then held himself out to the tenants, and to the public, as the owner of the property. This Court entered a temporary restraining order prohibiting Harvey from appearing on the property and harassing tenants. The Court extended that order once. Two different judges (David Groner – retired and Michael Warren – Oakland County Circuit Court) entered orders that prohibited Harvey from coming up on the property, contacting tenants or collecting rent. Harvey routinely ignored the orders:

1. He did not pay property taxes placing the property in jeopardy of foreclosure. Eventually, Rillema paid approximately $175,000 to bring the property taxes current;
2. He did not pay the water bill, and Rillema, based on complaints from tenants about water shut off, paid the water bill;
3. He cut down trees on the property (Exhibit 8);
4. He instructed tenants to pay their rent to another new company that he formed (see Exhibit 9);
5. He threatened to evict tenants (see Exhibit 10); he boarded up property (see Exhibit 11);
6. He advertised the property for sale (see Exhibit 12);

7. He is being charged criminally for his actions related to Rillema and the property. (see Exhibit 13)

LEGAL DISCUSSION:

28 USC1332 states, in its pertinent part;

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

**(1)** citizens of different States

There is no dispute that the two parties to this litigation are Kurt Rillema (Michigan resident) and Beau Harvey (Ohio resident).

Plaintiff did not raise a jurisdictional challenge in his initial responsive pleading. That is fatal to this motion. *Gerber v. Riordan,* 649 F.3d 514 (2011)

WHEREFORE, Plaintiff requests that his honorable court deny Plaintiff's Motion.

PLUNKETT COONEY

Date: August 31, 2025      BY:   /s/Michael D. Weaver
                                  MICHAEL D. WEAVER (P43985)
                                  Attorney for Plaintiffs
                                  38505 Woodward Avenue
                                  Suite 100
                                  Bloomfield Hills, MI  48304
                                  Tele: (248) 901-4025
                                  mweaver@plunkettcooney.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that on the August 31, 2025, I filed the foregoing Motion to Certify Arbitration Award via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, which will provide notice of this electronic filing to all counsel of record and via email and U.S. Mail, Postage Prepaid to the following:

Beauregard Maximillian Harvey  
8130 Timothy Lane  
Sylvania, OH 43560

                                PLUNKETT COONEY

Date: August 31, 2025        BY:   /s/Michael D. Weaver  
                                        MICHAEL D. WEAVER (P43985)  
                                        Attorney for Plaintiff

61175667.1