EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RILLEMA, an individual,

    Plaintiff,

v.   Case No.:  2:23-cv-12042-JJCG-APP

BEAUREGARD MAXIMILLIAN   Hon. Jonathan J.C. Gray
HARVEY, and individual   Mag. Judge Anthony P. Patti

    Defendant.

_____/

**PLAINTIFF'S RESPONSE TO APPLICATION TO COMPEL ARBTRATION**

    NOW COMES PLAINTIFF KURT RILLLEMA, by and through counsel and request that this HONORALBE COURT deny Defendant's Motion to Compel Arbitration, and states as follows:

QUESTION PRESENTED:

    Should Mr. Harvey be permitted to have a second arbitration hearing?

    Rillema Answers "No."

EXECUTIVE SUMMARY

    Mr. Rillema filed a Motion to Compel Arbitration that was granted by the Court, over the objection of Mr. Harvey.  Later, after that Court Ordered Arbitration had been scheduled and was about to occur, Mr. Harvey filed a

61175667.1

claim with the American Arbitration Association (AAA).  Later, after the Arbitration had been completed, AAA dismissed the arbitration filed by Mr. Harvey (See Exhibit 1 - Letter from AAA)

The Operating Agreement specifically indicates that any arbitration would be conducted under the rules of the AAA.  It does not say that AAA has jurisdiction over arbitration or that arbitration through AAA is mandatory. (See Exhibit 2 - Operating Agreement for 522 Reynolds)

This matter proceeded to arbitration with Judge David Groner (ret) presiding as Ordered by the Court.  The arbitration is complete, and Judge Groner has issued his opinion.  A motion to Confirm the Arbitration Award is pending with the Court.

Harvey's reliance upon *Henry Schien, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct 524 (2019) is misplaced.  That case turned on the issue of whether or not certain issue were subject to arbitration.  The case did not discuss an operating agreement that provides that all issues are subject to arbitration under the rules of AAA.  Moreover, the case was decided under the law of the 5th Circuit Court of Appeals and is not binding on this Court.

Finally, Harvey asks this Court to compel the parties to arbitrate with AAA under case 01-25-0002-3640.  However, that case has been dismissed.

LEGAL DISCUSSION

Harvey is becoming desperate. He is facing criminal charges in Ohio due to had forgery of document that improperly transferred the ownership of 522 Reynolds to a newly formed company owned entirely by Harvey.  In addition, upon information and belief, he is facing charges for his vandalism of the property.  Now he has filed a Writ of Mandamus and two motions with this Court.

The filing by Harvey is also false.  For example on page 5 Harvey states, "Weaver provided Toledo Police a fake Order alleging AAA had issued it.  The criminal cases are still pending and Rillema has been ordered to appear with Weaver in Lucus County, Ohio."  Weaver provided no fake order to Police in Toledo or elsewhere.  Likewise, Weave has not been ordered to appear in court in Lucus County, Ohio.  Also, Weaver did not file a case with AAA.  Instead, he filed with this Court and the Court Ordered the matter to proceed to Arbitration with Judge David Groner.  Harvey attaches communication for AAA related to the 2025 case that Harvey improperly attempted to pursue.  In fact the demand for arbitration is filed by Harvey, signed by Harvey, submitted on May 16, 2025 and notes a dollar amount of

3

claims at $1.00. Of course, Harvey does NOT submit the AAA Communication that dismissed his Arbitration.

On page 6, Harvey asserts that, "Rillema's counsel failed to answer or object to jurisdiction or venue as required by June 24, 2025." Nothing could be further from the truth. It was a filing on behalf of Rillema that resulted in the dismissal of Harvey's ill-fated 2025 filing with AAA.

On page 7, Harvey references a "fake arbitrator." Apparently, Harvey thinks that the Court Order appointing Judge Groner as the arbitrator somehow can be ignored. While it is true that Harvey ignores Court Orders (as this Court is aware, Harvey was subject to at least two Orders that mandated that he stay off of the property and not contact the tenants- he failed to abide by either order), he can't claim ignorance to this Court's Order that compelled arbitration and appointed Judge Groner as the arbitrator.

Last, Harvey fails to cite a case that would support his requested relief. As noted, the 5th Circuit case of *Schein* is not binding and is not applicable. Not a single case provides authority to enter a default against Rillema. Harvey cites multiple sections of the Federal Arbitration Act (FAA). However, this matter is not under the jurisdiction of the FAA as this Court has granted a Motion to Compel Arbitration.

4

|  |  |  |
|---|---|---|
|  |  | PLUNKETT COONEY |
| Date: September 9, 2025 | BY: | /s/Michael D. Weaver |
|  |  | MICHAEL D. WEAVER (P43985) |
|  |  | Attorney for Plaintiffs |
|  |  | 38505 Woodward Avenue |
|  |  | Suite 100 |
|  |  | Bloomfield Hills, MI  48304 |
|  |  | Tele: (248) 901-4025 |
|  |  | mweaver@plunkettcooney.com |

## **CERTIFICATE OF SERVICE**

I do hereby certify that on the September 9, 2025, I filed the foregoing Motion to Certify Arbitration Award via CM/ECF electronic filing with the United States District Court for the Eastern District of Michigan, which will provide notice of this electronic filing to all counsel of record and via email and U.S. Mail, Postage Prepaid to the following:

Beauregard Maximillian Harvey
8130 Timothy Lane
Sylvania, OH 43560

|  |  |  |
|---|---|---|
|  |  | PLUNKETT COONEY |
| Date: September 9, 2025 | BY: | /s/Michael D. Weaver |
|  |  | MICHAEL D. WEAVER (P43985) |
|  |  | Attorney for Plaintiff |

5

61175667.1