UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KURT RILLEMA, an individual,

      Petitioner,

v.

BEAUREGARD MAXIMILLIAN
HARVEY, an individual

      Respondent.
_____/

Case No. 23-cv-12042
Honorable Jonathan J.C. Grey

## ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DISMISS THIS CAUSE OF ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

Pursuant to the terms of the Operating Agreement for 522 Reynolds, LLC, Petitioner Kurt Rillema, a Michigan resident, filed this action to compel arbitration against Respondent Beauregard Maximillian Harvey, an Ohio resident. (ECF No. 1.) Throughout the litigation, Rillema has asserted that the Court has diversity subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(1), including in response to Harvey's challenges that the Court lacks jurisdiction. (*See, e.g.,* ECF No. 1, pageID.2–3 at ¶ 9; ECF No. 75, PageID.1096–1099.) Rillema specifically has argued that there are only

two parties to this action—himself and Harvey—and that 522 Reynolds, LLC is not a party to this action.

At one time, the Court expressly concluded that there was diversity subject matter jurisdiction because, based on the pleadings, the only parties to this action are Rillema and Harvey. (*See* ECF No. 36, PageID.682 ("The only parties to this action are Rillema and Harvey, and they are citizens of different states (Michigan and Ohio, respectively). 522 Reynolds, LLC is not a party to this action.").) In light of recent filings, however, the Court questions whether Rillema's cause action involves a controversy solely between Rillema and Harvey or whether, instead, 522 Reynolds, LLC must be added as a petitioner.

On September 11, 2023, the Court granted Rillema's motion to compel arbitration and appointed an arbitrator, retired Third Judicial Circuit Court Judge David Groner, to arbitrate the issues between Rillema and Harvey, the only two named parties. (ECF No. 21, PageID.504.) Upon reviewing Rillema's recently filed motion to confirm arbitration award (ECF No. 64), the Court notes that the Arbitration Award issued by Arbitrator Groner is captioned:

> **522 Reynold, LLC** and
> Kurt Rillema
>
> **Claimants**,
>
> v
>
> Beauregard Harvey
>
> Respondent.
> _____/

(ECF No. 64-1, PageID.880 (misspelling of "Reynolds" in original) (emphasis added).)

Based on Rillema's motion to confirm arbitration award (which conspicuously does not include 522 Reynolds, LLC as a petitioner), it appears that 522 Reynolds, LLC was a party to the arbitration proceeding. If 522 Reynolds, LLC was a party to the arbitration proceeding, it follows that 522 Reynolds, LLC may be a necessary party to this cause of action. If 522 Reynolds, LLC is a necessary party to this cause of action, the Court seemingly has lacked (and continues to lack) subject matter jurisdiction over this action pursuant to § 1332.[1]

---

[1] The Court may raise the issue of subject matter jurisdiction sua sponte, at any time, "because a federal court lacks authority to hear a case without subject matter jurisdiction." *Klepsky v. UPS, Inc.*, 489 F.3d 264, 268 (6th Cir. 2007) (citation and internal quotations omitted).

When this action was filed, the members of 522 Reynolds, LLC were Rillema and Harvey. As such, 522 Reynolds, LLC was a resident of Michigan (due to Rillema's membership) and Ohio (due to Harvey's membership). *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (holding that a limited liability company has the citizenship of each of its members). And, if 522 Reynolds, LLC is a party (petitioner), complete diversity of citizenship is lacking because both 522 Reynolds, LLC and Harvey are residents of Ohio. *Delay,* 585 F.3d at 1005 (citing *Caudill v. N. Am. Media Corp.,* 200 F.3d 914, 916 (6th Cir. 2000) ("Indeed, if even one of [the LLC]'s members—or one member of a member—were a citizen of Ohio, then complete diversity, and with it federal jurisdiction, would be destroyed.").

Accordingly, the Court **ORDERS RILLEMA TO SHOW CAUSE**, **in writing, on or before December 19, 2025**, why the Court should not: (1) find that 522 Reynolds, LLC is a party to this cause of action; and (2) **DISMISS** this cause of action for lack of subject matter jurisdiction.

SO ORDERED.

Date: December 5, 2025

**s/Jonathan J.C. Grey**
Hon. Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 5, 2025.

     s/ **S. Osorio**
     Sandra Osorio
     Case Manager