# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KURT RILLEMA, an individual,

       Petitioner,

v.

BEAUREGARD MAXIMILLIAN
HARVEY, an individual

       Respondent.

_____/

Case No. 23-cv-12042
Honorable Jonathan J.C. Grey

## **ORDER FOR PLAINTIFF TO RESPOND**

On December 5, 2025, the Court ordered plaintiff to show cause why this cause of action should not be dismissed for lack of subject matter jurisdiction, i.e., lack of diversity jurisdiction. (ECF No. 77.) Specifically, the Court noted that, despite the Court granting Plaintiff Kurt Rillema's motion to compel arbitration in this cause of action between a single named Plaintiff (Kurt Rillema) and Defendant Beauregard Maximillian Harvey, the Arbitration Award issued pursuant to the Court's order granting the motion to compel arbitration is captioned:

      **522 Reynold, LLC** and
Kurt Rillema

          **Claimants**,

          v

      Beauregard Harvey

          Respondent.

_____/

(*Id.* at PageID.1217–1218 (citing ECF No. 64-1, PageID.880 (misspelling of "Reynolds" in original) (emphasis added)).)

Rillema filed a timely response to the order to show cause, however, he did not address the fact that the caption of the Arbitration Award reflects that both Rillema and 522 Reynolds, LLC were claimants in the arbitration. (ECF No. 78.) Again, if "522 Reynolds, LLC was a party to the arbitration proceeding, it follows that 522 Reynolds, LLC may be a necessary party to this cause of action." (ECF No. 77, PageID.1218.) Further, "[i]f 522 Reynolds, LLC is a necessary party to this cause of action, the Court seemingly has lacked (and continues to lack) subject matter jurisdiction over this action pursuant to § 1332" because 522

Reynolds, LLC and Harvey are both treated as residents of Ohio. (*Id.* at PageID.1218–1219.)

Therefore, **IT IS ORDERED** that Rillema **SHALL RESPOND** to this Order and advise the Court whether 522 Reynolds, LLC was a claimant in the arbitration that yielded the Arbitration Award.

**IT IS FURTHER ORDERED** that, in his response, Rillema shall expressly advise the Court that: (1) "522 Reynolds, LLC was a claimant to the arbitration that yielded the Arbitration Award"; or (2) "522 Reynolds was not a claimant to the arbitration that yielded the Arbitration Award."

**IT IS FURTHER ORDERED** that Rillema shall attach as exhibits to his response every written submission that Rillema made to the arbitrator with respect to the arbitration that yielded the Arbitration Award, and any transcript of the July 9, 2025 arbitration proceeding.

**IT IS FURTHER ORDERED** that Rillema shall file his response to this Order **on or before January 21, 2026**.

SO ORDERED.

Date: January 7, 2026             **s/Jonathan J.C. Grey**
                                  Hon. Jonathan J.C. Grey
                                  United States District Judge

3

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 7, 2026.

>             s/ **S. Osorio**
> Sandra Osorio
> Case Manager